**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Paul VAN DREEL, Defendant–Appellant.**

No. 97–2527.

United States Court of Appeals,
Seventh Circuit.

Argued March 30, 1998.
Decided Sept. 15, 1998.

Before MANION, ROVNER and EVANS, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

Paul Van Dreel was convicted by a jury of: 1) conspiring to distribute and to possess with intent to distribute cocaine; 2) distribution of cocaine; and 3) possession with intent to distribute cocaine, all in violation of 21 U.S.C. § 841(a)(1). He challenges the convictions on all three counts on the grounds that a search of his residence for evidence of hunting violations was a pretext for a general search for drugs in violation of the Fourth Amendment, and that evidence admitted at trial regarding guns seized from his home should have been excluded because its prejudicial effect outweighed its probative value. Van Dreel also challenges the distribution count for lack of sufficient evidence. We affirm.

## I.

In the course of investigating Dale Pierquet for drug violations, the Brown County Drug Task Force began to surveil Van Dreel, an associate of Pierquet. The Task Force suspected that Van Dreel was supplying cocaine to Pierquet. Using information gathered from surveillance, the police obtained and executed two search warrants for Van Dreel's rural Wisconsin property. In addition to Van Dreel's home, the property held a garage, a semitrailer and approximately 60 vehicles. Two searches yielded no evidence of drugs (except for a small amount of cocaine residue), but did reveal a number of weapons and evidence of possible hunting violations. Subsequent to these unfruitful searches, the police arrested two men who had been observed visiting Van Dreel during the earlier surveillance. A search of their car revealed a hidden compartment lined with red grease and containing an envelope holding $4250 in cash. The police decided to use the hunting violation evidence to obtain another search warrant for Van Dreel's property. The new warrant authorized a search for evidence of deer poaching violations, including parts of deer carcasses, deer tags, licenses, ledgers indicating the sale of deer

Donald V. Latorraca (argued), Office of the Attorney General, Madison, WI, Thomas P. Schneider, Office of the United States Attorney, Madison, WI, for plaintiff—appellee.

T. Christopher Kelly (argued), Thomas, Kelly, Habermehl & Wood, Madison, WI, for defendant—appellant.

meat, bows, arrows, weapons and ammunition. Although the warrant was issued at the request of the Wisconsin Department of Natural Resources, an officer from the Drug Task Force participated in the search, admittedly in hopes of finding evidence of drug dealing. This officer had participated in the two earlier searches and was fully familiar with the investigation. While searching through a junked pickup truck, one of the sixty vehicles stored on Van Dreel's property, the Drug Task Force officer discovered a piece of plastic wrap marked with the same red grease found in the secret compartment of the car of two of Van Dreel's confederates. The officer found the plastic wrap under the truck's seat, which he had pushed forward in the course of his search. Recognizing the value of this evidence to the drug investigation, the officer seized the plastic wrap.

After their arrests, various members of the conspiracy testified against Van Dreel. Pierquet testified that Van Dreel regularly supplied him with cocaine, which he then resold to support his own cocaine addiction. Juan Carpio, one of the men arrested in the car with the secret compartment, testified that he sold cocaine to Van Dreel on a number of occasions, including the day of Carpio's arrest. Carpio confirmed that on that day, he had sold several ounces of cocaine to Van Dreel for $4250, and that he had delivered the cocaine to Van Dreel out of the grease-lined hidden compartment. Not surprisingly, the grease-stained plastic wrap recovered during the hunting violation search as well as the matching grease-stained envelope of cash were key pieces of corroborating evidence.

In the district court, Van Dreel moved to suppress the fruits of the search for evidence of hunting violations, arguing that the police really intended to search for evidence of drug crimes. He also contended that the officers exceeded the scope of the warrant when they searched under the seat of a pickup truck stored on the property. The district court rejected Van Dreel's argument, finding that the warrant authorized a search of the pickup truck, and finding that the grease-stained plastic wrap was in plain view. Because the incriminating nature of the plastic wrap was immediately apparent to the officer conducting the search, the district court held, the seizure was appropriate. The district court

similarly rejected Van Dreel's attempt to exclude evidence regarding a number of guns the police seized from his home during one of the searches. Finding that guns are often tools of the drug trade, the court held that the probative value of the guns did not outweigh their prejudicial effect. The court was persuaded by the government's offer to stipulate to the gun evidence rather than displaying the weapons to the jury in a more dramatic fashion. Finally, the district court denied Van Dreel's motion for a judgment of acquittal, holding that the evidence was sufficient to convict him on all three counts. Van Dreel appealed.

## II.

We begin with Van Dreel's contention that the court should have suppressed the plastic wrap evidence because it was seized in violation of the Fourth Amendment. Van Dreel's attack on this evidence is two-pronged. He objects to the use of the warrant relating to hunting violations as a pretext for searching for drug evidence. Such a use, he claims, is a violation of the prohibition against general warrants. He also claims that the officer exceeded the scope of the warrant when he moved a truck seat forward to inspect beneath it. Van Dreel posits that an officer could not reasonably have expected to find evidence of hunting violations beneath that seat. Anticipating the government's reply that ammunition could have been found under the seat, Van Dreel adds that the officer should not have been searching for ammunition because it is lawful to possess ammunition. We review warrantless search and seizure issues de novo. United State v. Bruce, 109 F.3d 323, 328 (7th Cir.1997), cert. denied, —— U.S. ——, 118 S.Ct. 113, 139 L.Ed.2d 66 (1997) (citing Ornelas v. United States, 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996)).

The Supreme Court decisively answered the pretext question in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Although Whren was decided in the context of a traffic stop, we think it is instructive here. The petitioner in Whren argued that police officers who pulled him over for traffic violations were actually

motivated by a hunch that the occupants of the vehicle were involved in a drug crime. The driver of the vehicle committed a number of traffic offenses, and when officers approached the stopped car, they observed two large plastic bags of a substance appearing to be crack cocaine in the lap of the petitioner. Reviewing the history of Supreme Court jurisprudence on the motivations of officers engaged in searches where they have probable cause, the Court remarked:

> Not only have we never held, outside the context of inventory search or administrative inspection ... that an officer's motive invalidates objectively justifiable behavior under the Fourth Amendment; but we have repeatedly held and asserted the contrary.

517 U.S. 806, 116 S.Ct. at 1774 (collecting cases). The Court cited a number of occasions where it held that ulterior motives did not strip police officers of their legal justification to conduct searches. The Court concluded that "[s]ubjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis." *Id.*

■ Applying that rationale here, the subjective intentions of the Drug Task Force officer played no role in the probable cause analysis in this case. The officer was rightfully on the scene pursuant to a valid warrant allowing a search for evidence of hunting violations. That the Drug Task Force officer might have hoped to find evidence relating to cocaine trafficking is irrelevant to the Fourth Amendment analysis under *Whren*, because once probable cause exists, and a valid warrant has been issued, the officer's subjective intent in conducting the search is irrelevant. *Id.* Van Dreel does not challenge the validity of the hunting violations warrant, tacitly admitting the police had probable cause to believe they would find evidence of hunting violations on the premises. The officer's subjective intent is therefore irrelevant.

■ Van Dreel also complained that the officer exceeded the scope of the warrant by moving the truck seat forward. At oral argument, Van Dreel clarified his belief that the police could not have reasonably expected to find evidence of hunting violations under the seat of an abandoned truck. No one would reasonably believe that deer carcasses or racks would be found under the seat of a truck, according to Van Dreel. That the warrant authorizes a search for ammunition is irrelevant, states Van Dreel, because it is lawful to possess ammunition. We rejected this argument outright in *Bruce*. 109 F.3d at 328–29. In that case, officers investigating a bank robbery seized shotgun shells from a hotel room they were searching pursuant to a warrant, even though the warrant did not list shotgun shells as evidence being sought. We upheld the seizure of the shotgun shells under the plain view *doctrine* although shotgun shells are not inherently incriminating. When the item seized assumes an incriminating or suspicious nature in connection with the crime under investigation, we held that the officers properly seized that item. *Id.* There the crime under investigation was bank robbery and here it was the hunting of deer out of season. Although guns and ammunition may be lawfully possessed, in the context of bank robbery and hunting out of season, these items assume an incriminating nature, and the court rightfully allowed the officers to search for them in the instant case. The Drug Task Force officer had every reason to search under the truck seat for ammunition, and having done so, was justified in seizing the incriminating plastic wrap that he found in plain view in a place he was authorized to inspect. *Id. See also United States v. Willis*, 37 F.3d 313, 316 (7th Cir.1994). We therefore affirm the district court's refusal to suppress the fruits of the hunting violations search.

■ We next consider Van Dreel's objection to the admission of evidence relating to guns seized from his residence. We review a district court's decision to admit evidence for abuse of discretion. *United States v. Johnson*, 137 F.3d 970, 974 (7th Cir.1998). We afford great deference to the trial court's determination of the admissibility of evidence because of the trial judge's first-hand exposure to the witnesses and the evidence as a whole, and because of the judge's familiarity with the case and ability to gauge the impact of the evidence in the context of the entire proceeding. *Id.* Accordingly, we will find reversible error only if the district court's decision is not within the range of options from which one would expect a reasonable

trial judge to select. *United States v. Penny,* 60 F.3d 1257, 1265 (7th Cir.1995), *cert. denied,* 516 U.S. 1121, 116 S.Ct. 931, 133 L.Ed.2d 858 (1996). Van Dreel contends that admission of evidence relating to the thirteen guns seized from his home was unfairly prejudicial. We have recognized that guns are tools of the drug trade and are therefore relevant evidence in a drug case. *United States v. Ramirez,* 45 F.3d 1096, 1103 (7th Cir.1995). The district court in the instant case took precautions to ensure that the gun evidence would not be unfairly prejudicial. The guns themselves were not displayed before the jury, but rather a stipulation was read to the jury describing the condition of the guns as they were recovered from a bedroom in the residence. The government agreed not to introduce evidence that at least six of the thirteen firearms had been reported stolen. Given these precautions, we cannot say that the district court abused its discretion in admitting evidence relating to the guns.

Van Dreel's final challenge is to the sufficiency of the evidence on Count II of the indictment. That count charged Van Dreel with distributing cocaine on October 19, 1996. Van Dreel argues that there is no evidence in the record from which a rational jury could conclude that he distributed cocaine on that particular date. The hurdle a defendant must overcome to successfully challenge the sufficiency of the evidence is formidable. *United States v. Crowder,* 36 F.3d 691, 695 (7th Cir.1994), *cert. denied,* 513 U.S. 1171, 115 S.Ct. 1146, 130 L.Ed.2d 1105 (1995). We view the evidence in the light most favorable to the government in determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* We do not reweigh evidence and will only overturn a jury verdict if the record contains no evidence from which the jury could find guilt beyond a reasonable doubt. *Id.* Van Dreel believes he meets that standard. But the government points out testimony and taped telephone conversations from which the jury could infer that Van Dreel distributed cocaine to Pierquet on that day. First, on October 18, 1996, Pierquet told a buyer that he had no cocaine to sell him. On October 19, 1996, Pierquet called Van Dreel and then went to Van Dreel's home. After this phone call and visit, Pierquet talked to another buyer and informed him he had cocaine he could deliver the next day. Pierquet had previously testified that Van Dreel was his primary source of cocaine in 1996. From this testimony, a jury could reasonably infer that Van Dreel supplied cocaine to Pierquet on October 19, 1996. Reviewing the evidence in a light most favorable to the government, the evidence is sufficient to support a conviction for delivering cocaine on the date in question. We therefore affirm the judgment of the district court.

AFFIRMED.