**Paul VAN DREEL, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–2012.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 11, 2003.*

Decided Feb. 14, 2003.

Before EASTERBROOK, ROVNER, and EVANS, Circuit Judges.

Order

After we affirmed his convictions and sentence, see 155 F.3d 902 (7th Cir.1998), Paul Van Dreel commenced a collateral attack under 28 U.S.C. § 2255. He argued that his trial lawyer had furnished constitutionally deficient assistance. The district court held that Dreel had forfeited this contention when his appellate counsel (a lawyer other than the one who represented him in the district court) did not make an ineffective-assistance argument. The court then issued a certificate of appealability specifying as the sole question the correctness of the "procedural ruling that [the] ineffective assistance claims were procedurally defaulted."

This does not comply with 28 U.S.C. § 2253(c)(2), which provides that a certificate may issue only if "the applicant has made a substantial showing of the denial of a constitutional right." Section 2253(c)(3) adds that the certificate must identify "which specific issue or issues satisfy the showing required by paragraph (2)." Whether a particular point has been forfeited differs from "a substantial showing of the denial of a constitutional right." If a prisoner's substantive argument is substantial, then the district judge may add procedural matters antecedent to the constitutional issues, see *Slack v. McDaniel*, 529 U.S. 473, 483–85, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), but the judge did not suggest that he thought Dreel's constitutional argument substantial. Quite the contrary, the judge added at the end of his opinion that Dreel could not establish prej-

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(a); Cir. R. 34(f).

udice from any errors counsel may have committed.

If the prosecutor had brought to our attention the defect in this certificate before briefs had been filed, we would have dismissed the appeal. See *Ramunno v. United States*, 264 F.3d 723 (7th Cir.2001). But the prosecutor did not note the problem, and both sides proceeded to address the procedural default issue. We think it appropriate to bypass that question–which could be affected by the disposition of *Massaro v. United States*, cert. granted, — U.S. —, 123 S.Ct. 31, 153 L.Ed.2d 893 (2002) (to be argued Feb. 25, 2003)–and ask directly whether Dreel has made out a "substantial" constitutional question on which he might receive relief, if the procedural issue were to be resolved in his favor.

Dreel contends that his lawyer (1) failed to challenge the admissibility of unspecified portions of his codefendants' plea agreements; (2) poorly argued against the admission of evidence that he never filed certain income tax returns; (3) conceded in his opening statement that the evidence might suggest that he used cocaine (though, counsel insisted, did not distribute it); and (4) failed to request laboratory testing of red grease, found on his property, that the prosecutor claimed matched grease found in a hidden compartment of his codefendants' car. Arguments of this kind could not succeed without additional evidence–for example, proof that a laboratory test of the grease would have been favorable to the defense position. Dreel did not tender affidavits or request an evidentiary hearing, and, without showing how things might have gone differently, he cannot succeed. What is more, the district judge (who presided over the trial) concluded that none of these events could have affected the outcome, no matter what counsel had done, so that prejudice could

not be established. There is no sin in preparing the jury realistically for what the evidence is bound to show. See *Strickland v. Washington*, 466 U.S. 668, 695–96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We see no error in the district judge's assessment, so the judgment is

AFFIRMED.