Wilson **FIELDS, Jr.**, Appellant
(Defendant below),

v.

**STATE of Indiana**, Appellee
(Plaintiff below).

No. 1–578A120.

Court of Appeals of Indiana,
First District.

Jan. 23, 1979.

Rehearing Denied March 14, 1979.

Harriette Bailey Conn, Public Defender, David P. Freund, Marcia L. Dumond, Deputy Public Defenders, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Judge.

The issues raised by the defendant-appellant Fields question the sufficiency of the evidence to support his conviction of interfering with a police officer, assault and battery, and disorderly conduct, and, whether it was proper to sentence him on all three crimes which, purportedly, arose from a single set of operative facts.

We find no reversible error.

A summary of facts favorable to the State shows that Fields went to the Bob Davis Garage to retrieve his trailer. Gary Davis, a co-owner of the garage, informed Fields that he could have the trailer upon payment of towing and storage fees. When he argued with Gary about the charge, Fields was advised to discuss the matter with Gary's father, Bob Davis, the other garage co-owner. Fields argued further and then left, walking towards Rushville. Fields then returned to the garage in his truck, hitched the unlicensed trailer to the truck and left, striking a parked vehicle on his way out. Gary Davis called the Rushville police. Rushville Officer Isgrigg responded, and, when informed of the situation, Isgrigg told Davis he would have to call the Sheriff because the garage was not in the city. Fields, *sans* trailer, returned once again and began loudly cursing Davis and Isgrigg. Isgrigg attempted to calm Fields but was unsuccessful. Fields again departed.

Sheriff Hedrick arrived at the garage and was advised of the series of events. Hedrick and Gary Davis went to Rushville and finally located Fields's truck and trailer parked behind a building. Hedrick told Davis to get his truck and tow the trailer back to the garage. Davis was starting back to the garage when Fields appeared and reacted by cursing and yelling. Hedrick attempted to reason with Fields and calm him down for about 20 to 25 minutes. Fields reacted by jumping in the truck and then climbing onto the trailer and jumping up and down, all the while cursing and yelling at Hedrick and Davis. During this period, people came out of nearby business places because of the commotion. Fields's profane language could be heard and distinctly understood from at least 200 feet away. Fields refused to quiet down or to move away from the vehicle. Fields also shoved Hedrick several times during the tirade.

At this point Hedrick told Fields he was under arrest for disorderly conduct. Fields refused to enter the police car and resisted to the extent that it took three policemen to handcuff him and place him in the police car.

We initially note that upon a claim of insufficiency of the evidence we will neither weigh the evidence nor judge the credibility of the witnesses and will look to the evidence most favorable to the State and the inferences which may reasonably flow therefrom. *Foster v. State,* (1977) Ind., 367 N.E.2d 1088.

Fields first argues that the crime of interfering with a police officer (Ind.Code 35–21–11–1) requires proof that the officer

be engaged in the scope of his official duties as an essential element of the offense. It is argued that Sheriff Hedrick was attempting to resolve a civil dispute and therefore was acting beyond the scope of his official duties during the series of events recounted above. However, we believe it equally appropriate that the trier of fact heard evidence which leads to the conclusion that the Sheriff was investigating the operation of a unlicensed vehicle upon a public highway and a hit and run accident, both being illegal activities, and activities which we believe show Fields's argument to not be well-founded.

Fields next argues insufficient evidence to prove Fields unlawfully touched the Sheriff in a rude, insolent, and angry manner, as required for an assault and battery (IC 35-1-54-4), and that Fields acted in a loud, boisterous or disorderly manner so as to disturb the peace and quiet of the 1000 block of West 2nd Street in Rushville by cursing and fighting as required for disorderly conduct (IC 35-27-2-1). We believe our previous recital of the evidence negates Fields's argument in this regard.

The issue is obfuscated somewhat in that Fields's appellate argument contains a theory that Fields's conduct should be condoned by his right to protect his property, and, therefore, there exists an insufficiency of the evidence to convict on the offenses charged. A review of the record leads us to the conclusion that the defense of property theory makes its initial manifestation in this appellate court. While it is true that a sufficiency of the evidence issue can be first raised in this court (*McGowan v. State,* [1977] Ind., 366 N.E.2d 1164), we do not believe the same is true of a defense. Defense of property, not unlike self-defense, is an issue which could have been properly raised by the defendant at trial. *See generally Clark v. State,* (1902) 159 Ind. 60, 64 N.E. 589. We therefore deem this portion of the issue waived, and further find that Fields's arguments relating to sufficiency of the evidence are without merit.

Fields's final argument urges error in sentencing on all three counts in that they stem from one set of operative facts. A recent Supreme Court case, *Elmore v. State,* (1978) Ind., 382 N.E.2d 893, overrules those authorities relied upon by Fields by substituting an "identity of offenses" test instead of the "operative facts" test previously used in certain cases by our courts. Under *Elmore, supra,* Fields was properly sentenced.

Judgment affirmed.

LYBROOK, P. J., and LOWDERMILK, J., concur.

PETITION FOR REHEARING

ROBERTSON, J.

Fields argument on rehearing relating to the sufficiency of the evidence misconstrues our holding which merely reiterates the proposition that issues must be raised in the motion to correct errors with duly noted exception stated in *Elmore v. State,* (1978) Ind., 382 N.E.2d 893.