v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A04–0009–JV–391.

Court of Appeals of Indiana.

Feb. 26, 2001.

Janice L. Stevens, Indianapolis, IN, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Chief Judge

S.E., a juvenile adjudicated to be a delinquent, appeals the trial court's denial of his motion for relief from judgment. He raises two issues, which we consolidate and restate as whether the trial court abused its discretion when it denied his motion for relief from judgment. We reverse.

The facts most favorable to the true finding follow. On May 26, 1999, Deputy Christopher W. Cooper of the Marion County Sheriff's Department was dispatched to investigate a domestic dispute. Upon arriving at the scene, he and two other deputies met Christy Eilert, S.E.'s stepmother, in front of a house. Eilert knocked on the house's front door, and when sixteen-year-old S.E. opened the door, Eilert said, "let me in my house."[1] Exhibit 1, p. 43.[2] S.E. told her, "this is not your house. This is my father's house. You can't come in." Exhibit 1, p. 43. S.E. then tried to shut the door, but the deputies forced the door open. The deputies entered the house and tried to place S.E. under arrest. After a short struggle, the police subdued and handcuffed S.E.

S.E. was charged with resisting law enforcement, an offense that would be a class A misdemeanor if committed by an adult.[3]

After a hearing, the trial court found the allegation to be true and adjudicated S.E. to be a delinquent. S.E. subsequently appealed the trial court's judgment, but we dismissed the appeal because the praecipe had not been timely filed. Next, S.E. filed a motion for relief from judgment with the trial court. Following a hearing, the trial court denied the motion.

Motions for relief from judgment are governed by Indiana Trial Rule 60(B), which provides, in relevant part:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default, for the following reasons:

(1) mistake, surprise, or excusable neglect;

\* \* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, . . . .

Ind. Trial Rule 60(B). A motion for relief from judgment is within the equitable discretion of the court, and appellate review of the grant or denial thereof is limited to whether the trial court abused its discretion. *D.D.J. v. State*, 640 N.E.2d 768, 769 (Ind.Ct.App.1994), *trans. denied.* An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable inferences to be drawn therefrom. *Id.*

Although Ind. Trial Rule 60(B) is available to challenge an adjudication of

---

1. The State asserts that Eilert told S.E. to let her in "so that she could retrieve her belongings." Appellee's Brief, p. 2. A search of the record reveals that Eilert never gave S.E. or the deputies a reason for being at the house. In fact, the only evidence on this point is that Eilert had moved out of the house over thirty days prior to the events at issue and had removed all of her property from the house. We caution the State to be more accurate in its statement of the facts.

2. In this case, as we will discuss below, S.E. filed an appeal that was dismissed because the praecipe was untimely filed. Subsequently, S.E. filed a motion for relief from judgment, and the record from his untimely appeal was accepted into evidence by the trial court as an exhibit in the course of ruling upon S.E.'s motion. Consequently, we shall address the record from the untimely appeal as "Exhibit 1."

3. Ind.Code § 35–44–3–3.

delinquency, it is firmly established that a motion for relief under T.R. 60(B) cannot be used as a substitute for a direct appeal, nor can it be used to revive an expired attempt to appeal. *Perkins v. State,* 718 N.E.2d 790, 792 (Ind.Ct.App.1999). In this case, S.E.'s first claim is that the evidence is insufficient to sustain the trial court's finding. S.E. could have raised this claim on direct appeal but did not, and he cannot revive it now. *See id.* Thus, the trial court did not abuse its discretion by denying his motion for relief on this ground. *See id.*

 Next, S.E. claims that his trial counsel rendered ineffective assistance by failing to timely file a praecipe, thereby causing his first appeal to be dismissed and requiring him to file a motion for relief from judgment in order to preserve his challenge to the sufficiency of the evidence. Like adult defendants, respondents in juvenile delinquency proceedings have a Sixth Amendment right to the effective assistance of counsel. *Id.* at 793. A juvenile may raise an ineffective assistance of counsel claim in a T.R. 60(B) motion. *Id.*

 In reviewing a claim of ineffective assistance of counsel, we initially presume that counsel's representation was within the wide range of reasonable professional assistance. *In re J.L.T.,* 712 N.E.2d 7, 11 (Ind.Ct.App.1999), *reh'g denied, trans. denied.* The defendant has the burden to rebut the presumption of competence with strong and convincing evidence. *Id.* In order to prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate that: 1) counsel's representation was deficient; and 2) the deficient performance so prejudiced the defendant as to deprive him or her of a fair proceeding. *Id.* Isolated poor strategy, inexperience, or bad tactics do not necessarily constitute ineffective assistance

of counsel. *Thornton v. State,* 570 N.E.2d 35, 37 (Ind.1991). To establish prejudice, a defendant must show a reasonable probability that, but for counsel's unprofessional errors, the result would have been different. *Meredith v. State,* 679 N.E.2d 1309, 1312 (Ind.1997), *reh'g denied.*

 Here, S.E.'s trial counsel's failure to timely file a praecipe is an obvious mistake; it cannot be attributed to strategy or tactics. Furthermore, it is a serious mistake because a party that fails to timely file a praecipe forfeits the right to appeal. *See Moran v. Cook,* 644 N.E.2d 179, 180 (Ind.Ct.App.1994). Thus, counsel's representation of S.E. was deficient and fell below the range of professionally competent representation. *See, e.g., Stevens v. State,* 689 N.E.2d 487, 490 (Ind.Ct.App. 1997) (determining that a counsel's performance was deficient when he failed to timely file a defendant's request for a jury trial, resulting in the forfeiture of that right).

Next, we must determine whether S.E. was prejudiced by the failure. S.E. must demonstrate that had his counsel timely filed a praecipe, and had we heard the appeal, we would have reversed the trial court's finding. In order to determine whether S.E. was prejudiced, it is necessary to address his challenge to the sufficiency of the evidence on the merits.[4]

 When reviewing a claim that the evidence is insufficient to support a criminal conviction, we look to the evidence most favorable to the judgment and to any reasonable inferences that may be drawn therefrom. *Jordan v. State,* 656 N.E.2d 816, 817 (Ind.1995), *reh'g denied.* We consider only whether there is substantial evidence of probative value that would permit a reasonable jury to find the defendant guilty beyond a reasonable doubt. *Id.* We

4. S.E. does not indicate whether he intended to raise any other issues on direct appeal, and a challenge to the sufficiency of the evidence is the only issue he has presented to us. Consequently, we shall confine our review to that issue to determine whether he has been prejudiced.

neither reweigh the evidence nor judge the credibility of the witnesses. *Id.*

■ The offense of resisting law enforcement is governed by Ind.Code § 35–44–3–3, which provides, in relevant part:

A person who knowingly or intentionally:

(1) forcibly resists, obstructs, or interferes with a law enforcement officer or a person assisting the officer while the officer is lawfully engaged in the execution of his duties as an officer;

\* \* \* \* \* \*

commits resisting law enforcement, a Class A misdemeanor.

Thus, in order to obtain a conviction, the State was required to prove that S.E. forcibly resisted, obstructed, or interfered with Deputy Cooper and his fellow officers while they were lawfully engaged in the execution of their duties. *See* Ind.Code § 35–44–3–3.

S.E. claims that the evidence is insufficient to sustain the trial court's finding because Deputy Cooper and his fellow officers were not lawfully engaged in the execution of their duties. Specifically, S.E. argues that the deputies' forcible entry into the house was not lawful.

We find this court's opinion in *Casselman* to be instructive here. *Casselman v. State*, 472 N.E.2d 1310 (Ind.Ct.App.1985). In that case, a deputy sheriff drove to Casselman's house to serve a writ of attachment of the body on Casselman. *Id.* at 1311. The deputy knocked on the front door, and when he received no response, he went around to the side of the house to a sliding glass door. *Id.* He knocked on that door and Casselman came to the door. *Id.* The deputy told Casselman that he was serving a writ of attachment upon him. *Id.* at 1312. Casselman became verbally abusive, told the deputy to contact his lawyer, and tried to close the door. *Id.* The deputy struggled to keep the door open, and after "a shoving and grabbing match," Casselman retreated into his house. *Id.* The deputy entered the house and subdued Casselman. *Id.* Casselman was convicted of resisting law enforcement, but we reversed his conviction. *Id.* at 1318. We noted that "Casselman had the right to close the door; he engaged in no resistance, obstruction or interference other than to attempt to assert that right. The scuffle between Casselman and [the deputy] arose only after [the deputy] unlawfully entered Casselman's doorway to prevent Casselman from closing the door." *Id.* at 1314. Once the deputy entered the threshold of the house to prevent Casselman from closing the door, he was no longer engaged in the lawful execution of his duties, and the evidence was insufficient to sustain the conviction. *See id.*

We also find this court's opinion in *Adkisson* applicable. *Adkisson v. State*, 728 N.E.2d 175 (Ind.Ct.App.2000). In *Adkisson*, sheriff's deputies knocked on Adkisson's door and asked to talk to her because her neighbors had told the officers that she had battered them. *Id.* at 176. She refused to allow the officers into her home, but she spoke to them in her doorway. *Id.* At some point, Adkisson tried to shut the door, but a deputy prevented her from doing so by putting his foot in the doorway. *Id.* at 177. The deputy told her she was under arrest as he entered the apartment, where he subdued Adkisson after a struggle. *Id.* Adkisson was convicted of resisting law enforcement, but we reversed the conviction. *Id.* at 178. We noted that the deputies had probable cause to arrest Adkisson because other persons had told them that she had battered them, but they still were not constitutionally permitted to prevent Adkisson from closing her door or to enter her dwelling without a warrant or exigent circumstances, and neither of those were present at that time. *Id.* at 177. Therefore, the deputies were not engaged in the lawful execution of their duties when they forced Adkisson's door open, and insufficient evidence existed to support the conviction. *See id.* at 178.

The reasoning in *Casselman* and *Adkisson* is applicable to the instant case. In fact, the deputies' position here is much weaker than that of the deputies in the other cases. Unlike the deputy in *Casselman*, Deputy Cooper and his fellow officers were not serving a writ of body attachment upon S.E.; they were merely investigating a domestic disturbance. Furthermore, unlike the deputies in *Adkisson*, Deputy Cooper and his fellow officers conceded that S.E. had not committed a crime before they forced the door open. S.E. had the right to close the door and refuse to speak with the deputies, and when Deputy Cooper and his fellow officers forced the door open, they ceased to be engaged in the lawful execution of their duties. *See Casselman*, 472 N.E.2d at 1314.

Nevertheless, the State contends that the deputies' forced entry into the house was lawful because Christy Eilert consented to their entry. A third party's consent to enter a property is valid only if the third party has common authority or a sufficient relationship to the premises at issue. *See Perry v. State*, 638 N.E.2d 1236, 1240–1241 (Ind.1994). Common authority is not to be implied from the mere property interest a third party has in the property. *Id.* at 1241. Instead, to establish common authority, the State must show that the third party had joint access or control over the premises. *State v. Foreman*, 662 N.E.2d 929, 932 (Ind. 1996). When reviewing a trial court determination of the validity of a search, we consider the evidence favorable to the trial court's ruling and any uncontradicted contrary evidence. *Brooks v. State*, 497 N.E.2d 210, 215 (Ind.1986).

Here, Christy Eilert had a key to the house, although she apparently did not have it in her possession on the night in question. However, she had separated from S.E.'s father thirty days prior to the incident at issue and had moved out of the house at that time. She had also removed all of her property from the house. Thus, despite possessing a key, there is no evidence that Eilert had control over the premises, and we hold that she lacked common authority over the house such that she could have validly consented to the deputies' entry therein. *See Illinois v. Rodriguez*, 497 U.S. 177, 181–182, 110 S.Ct. 2793, 2798, 111 L.Ed.2d 148 (1990) (holding that a third party lacked common authority over an apartment despite having a key because she moved out one month before the officers entered the apartment, never went there when the defendant was not present, and did not contribute to the rent or have her name on the lease).

Nevertheless, the State argues that even if Eilert lacked common authority over the premises, the police's forcible entry into the house was lawful because they reasonably believed that Eilert could authorize their entry. In *Rodriguez*, the United States Supreme Court considered whether the Fourth Amendment was violated by the police's search of a dwelling based upon a reasonable (but erroneous) belief that a third party possessed common authority to consent. *See id.* at 183, 110 S.Ct. at 2798. The Court reasoned, "[w]hether the basis for such authority exists is the sort of recurring factual question to which law enforcement officials must be expected to apply their judgment; and all the Fourth Amendment requires is that they answer it reasonably." *Id.* at 186, 110 S.Ct. at 2800. Based upon this reasoning, the Court concluded that an official search based upon a reasonable belief that a third party has common authority does not offend the Fourth Amendment. *See id.* at 188, 110 S.Ct. at 2801.

In the instant case, however, the reasonableness of the deputies' actions is not the dispositive issue because their actions were outside the scope of their lawful duties. Unlike the police in *Rodriguez*, Deputy Cooper and his fellow officers were not using the consent of a third person to enter a defendant's property as part of a criminal investigation. *See id.* at 179, 110

S.Ct. at 2796–97. As Deputy Cooper conceded, S.E. had committed no crime up to the point where the officers forced the door open. Instead, the deputies used the consent of a third person who lacked authority to consent to assist the third person in entering the premises against the wishes of the defendant. Such behavior cannot be within the scope of the deputies' official duties in the absence of some court order authorizing such action. Whatever reasonable belief the deputies had regarding Eilert's capacity to consent does not grant them the authority to perform acts outside of the scope of their duties, especially in the manner they chose here. *See, e.g., Casselman,* 472 N.E.2d at 1314; *cf. Fields v. State,* 179 Ind.App. 194, 196, 384 N.E.2d 1127, 1129 (Ind.Ct.App.1979) (determining that an officer was acting within the scope of his duties when he arrested a defendant for interfering with a police officer where the officer was investigating crimes that the defendant had committed during a civil dispute), *reh'g denied.* Because the deputies were acting beyond the scope of their duties, they were not lawfully engaged in the execution of their duties when they helped Eilert gain access to S.E.'s house, regardless of the reasonableness of their belief that she had authority to consent.

Because Deputy Cooper and the other deputies were not engaged in the lawful execution of their duties when they forced the door open, there is insufficient evidence to sustain S.E.'s conviction. *See Casselman,* 472 N.E.2d at 1314. If S.E.'s counsel had timely filed a praecipe and we had reviewed the first appeal on the merits, we would have reversed his conviction for insufficient evidence. Because we would have reversed his conviction, S.E. was prejudiced by his counsel's failure to timely file a praecipe, and he received ineffective assistance of counsel. We conclude from this analysis that he was entitled to relief from judgment on his ineffective assistance claim, and as a result the trial court abused its discretion when it denied S.E.'s motion for relief from judgment. *See* T.R. 60(B).

For the foregoing reasons, we reverse the judgment of the trial court.

Reversed.

SULLIVAN, J., and MATHIAS, J., concur.