**Dennis M. ROBINSON, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 71A03–0401–CR–8.

Court of Appeals of Indiana.

Sept. 10, 2004.

Lee F. Mellinger, Elkhart, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Gary Damon Secrest, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

Dennis M. Robinson appeals his conviction for battery on a law enforcement officer as a class A misdemeanor.[1] Robinson raises two issues, which we restate as:

I. Whether the evidence is sufficient to support his conviction; and

II. Whether the jury's verdicts are inconsistent.[2]

We affirm.

The facts most favorable to the conviction follow. On November 5, 2002, Robinson and his wife, Eugenia Robinson, were watching television. At approximately 8:00 p.m., Eugenia went to bed and told Robinson that she did not want to take any phone calls. Shortly after Eugenia went to bed, the telephone rang, and the caller, a telemarketer, asked for Eugenia and Robinson said she was unavailable. The telemarketer called back four times and each time asked to speak with Eugenia, and each time, Robinson said she was unavailable. The telemarketer became concerned about Eugenia's safety, so he called the South Bend Police Department to report a possible domestic disturbance. Because the Robinsons lived outside of the city limits, the South Bend Police Department contacted the St. Joseph County Police Department and told them to send officers to the Robinson residence because of a possible domestic disturbance.

A few minutes later, St. Joseph County Officer Andrew Taghon and Officer Anthony Jozaites arrived at the Robinson residence. Robinson stepped outside and

---

1. Ind.Code § 35–42–2–1(a)(1)(B) (Supp. 2003).

2. The jury acquitted Robinson of resisting law enforcement. *See* Ind.Code § 35–44–3–3 (Supp.2003).

yelled to the officers, "You don't need to be here. Get out of here. We don't need you here." Transcript at 49. Officer Taghon told Robinson that he and Officer Jozaites were there to check on a possible domestic disturbance and asked to see Eugenia. Robinson told the officers to leave. Officer Taghon then attempted to walk around Robinson to enter the residence, but Robinson shoved him off of the porch. Both officers then grabbed for Robinson's hands, Officer Taghon punched Robinson in the face, and Robinson pulled free from both officers, grabbing Officer Jozaites's shirt. The officers struck Robinson a few more times and tried to restrain him, ordering Robinson to stop resisting. Robinson failed to comply with their request, so Officer Taghon sprayed mace in Robinson's face.

The State charged Robinson with battery on a law enforcement officer as a class A misdemeanor and resisting law enforcement. The jury found Robinson guilty of battery on a law enforcement officer but not guilty of resisting law enforcement. At the sentencing hearing, the trial court ordered Robinson to pay a twenty-five dollar fine plus court costs.

## I.

■ The first issue is whether the evidence is sufficient to support Robinson's conviction for battery on a law enforcement officer as a class A misdemeanor. In determining the insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. *O'Connell v. State*, 742 N.E.2d 943, 949 (Ind. 2001). We look to the evidence and the reasonable inferences that support the verdict. *Id.* If there is sufficient evidence of probative value to support the conclusion of the trier of fact, then the verdict will not be disturbed. *Id.*

The offense of battery on a law enforcement officer is governed by Ind.Code § 35–42–2–1(a)(1)(B), which provides that: "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, ... a Class A misdemeanor if ... it is committed against a law enforcement officer ... while the officer is engaged in the execution of his official duty." Robinson admits to pushing Officer Taghon when he attempted to enter his residence but argues that this action was proper because he had a legal right to resist the unlawful entry of Officer Taghon into his residence.

■ Indiana law recognizes the right to reasonably resist the unlawful entry of a police officer into a person's home. *See Alspach v. State*, 755 N.E.2d 209, 211 (Ind. Ct.App.2001) (noting that a citizen has the right to resist the unlawful entry of a police officer into his home), *trans. denied.* Robinson argues that because Officer Taghon attempted to enter his residence without a warrant, he had a right to reasonably resist Officer Taghon's unlawful entry into his home. Because the entry was unlawful and he had a right to reasonably resist and push Officer Taghon, Robinson argues that the evidence is insufficient to support his conviction for battery. In order to resolve the issue of whether Robinson had a right to reasonably resist Officer Taghon's entry, we must determine whether Officer Taghon's attempted entry into Robinson's home was lawful. This requires us to examine the Fourth Amendment.

■ The Fourth Amendment to the Constitution of the United States requires a warrant be issued before a search of a home is conducted in order to protect against unreasonable searches and seizures. *Smock v. State*, 766 N.E.2d 401, 404 (Ind.Ct.App.2002). However, public interest occasionally demands greater flex-

ibility than is offered by the warrant requirement, and, as such, certain exigent circumstances, i.e., exceptions, exist. *Alspach*, 755 N.E.2d at 212. One particular exigent circumstance is "where a violent crime has occurred and entry by the police can be justified as means to prevent further injury or to aid those who have been injured." *Id.* The State has the burden of proving that exigent circumstances existed in order to overcome the presumption of unreasonableness that accompanies all warrantless home entries. *Id.*

The State argues that Officer Taghon acted lawfully when he attempted to enter the Robinson residence because he had a reasonable belief that a domestic disturbance had occurred and that Eugenia had been injured. We addressed a similar matter in *S.E. v. State*, 744 N.E.2d 536, 540 (Ind.Ct.App.2001). There, officers were dispatched to investigate a domestic dispute, and upon arriving at the residence, the officers forced open the front door and arrested the defendant, who was inside. *Id.* at 538. The defendant was charged with resisting law enforcement, an offense that would be a class A misdemeanor if committed by an adult, and after a hearing, the trial court found the allegation to be true and adjudicated the defendant to be a delinquent. *Id.* On appeal, the defendant argued that the officers' forcible entry into the house was unlawful. *Id.* at 540. We agreed, holding that the officers "were merely investigating a domestic disturbance," and when they "forced the door open, they ceased to be engaged in the lawful execution of their duties." *Id.* at 541. Because the officers were not engaged in the lawful execution of their duties when they forced the door open, we held that there was insufficient evidence to sustain the defendant's conviction. *Id.* at 542.

Likewise, here, Officer Taghon and Officer Jozaites were investigating a possible domestic dispute at the Robinson residence. Although the officers had some indication of a possible domestic dispute, the State has failed to prove the existence of any exigent circumstances to justify Officer Taghon's warrantless entry, namely that a violent crime had occurred and entry by the police was justified to aid Eugenia. Therefore, when Officer Taghon attempted to enter Robinson's residence, he was not acting lawfully, and Robinson had the right to reasonably resist his entry. *See Alspach*, 755 N.E.2d at 211.

Having concluded that Robinson had a right to reasonably resist, we must determine whether Robinson's act of pushing Officer Taghon away from the entryway was reasonable resistance. We conclude that it was not. The right to reasonably resist an unlawful entry does not include the right to commit a battery upon a police officer.

> [T]he Indiana rule is that a private citizen may not use force in resisting a peaceful arrest by an individual [whom] he knows, or has reason to know, is a police officer performing his duties regardless of whether the arrest in question is lawful or unlawful.

*Alspach*, 755 N.E.2d at 211 (internal quotations omitted); *see also Fields v. State*, 178 Ind.App. 350, 356, 382 N.E.2d 972, 976 (1978) (holding that the defendant was not entitled to forcefully resist the officer's attempt to apprehend him during an alleged illegal arrest); *Shoultz v. State*, 735 N.E.2d 818, 823 (Ind.Ct.App.2000) (noting that a private citizen may not use force in resisting a peaceful arrest), *trans. denied.* Furthermore:

> A citizen, today, can seek his remedy for a policeman's unwarranted and illegal intrusion into the citizen's private affairs by bringing a civil action in the courts

against the police officer and the governmental unit which the officer represents. The common law right of forceful resistance to an unlawful arrest tends to promote violence and increases the chances of someone getting injured or killed.

*Fields,* 382 N.E.2d at 975. Although we do not here deal with resistance to an arrest, it is clear that the right of reasonable resistance to an unlawful entry by police officers has only been extended to force used to resist efforts to push open a door to gain entry. *See Casselman v. State,* 472 N.E.2d 1310, 1312 (Ind.Ct.App. 1985); *Adkisson v. State,* 728 N.E.2d 175, 178 (Ind.Ct.App.2000); *S.E.,* 744 N.E.2d at 538. It has not been extended to allow what would otherwise be a battery made criminal by I.C. 35-42-2-1. We hold that commission of a battery against a police officer is not the use of reasonable force to resist an unlawful entry. There can be a fine line between reasonable resistance and battery, but that is for the jury to resolve. The evidence here supports the jury's verdict that Robinson committed a battery on Officer Taghon. Thus, we hold that the evidence is sufficient to sustain Robinson's conviction for battery on a law enforcement officer. *See, e.g., Owens v. State,* 742 N.E.2d 538, 543 (Ind.Ct.App. 2001) (affirming the defendant's conviction for battery on a law enforcement officer).

## II.

The next issue is whether Robinson's verdicts are inconsistent. The jury found Robinson guilty of battery on a law enforcement officer but not guilty of resisting law enforcement. Robinson argues that the battery on a law enforcement officer "was part of the Resisting Law Enforcement and if he is not guilty of Resisting, he cannot be guilty of Battery, which was only part of the Resisting." Appellant's Brief at 10.

Our supreme court does not demand perfect logical consistency in verdicts. *Hoskins v. State,* 563 N.E.2d 571, 577 (Ind.1990). Only extremely contradictory and irreconcilable verdicts warrant corrective action. *Id.* Moreover, jury verdicts do not have to be consistent in cases where one criminal transaction gives rise to criminal liability for separate and distinct offenses. *Douglas v. State,* 441 N.E.2d 957, 962 (Ind.1982). A verdict may be inconsistent or even illogical, but nevertheless be permissible if it is supported by sufficient evidence. *Totten v. State,* 486 N.E.2d 519, 522 (Ind.1985). Generally, where the trial of a defendant results in acquittal upon some charges and convictions upon others, the results will survive a claim of inconsistency where the evidence is sufficient to support the convictions. *Parks v. State,* 734 N.E.2d 694, 700 (Ind. Ct.App.2000), *trans. denied.*

To convict Robinson of resisting law enforcement, the State needed to prove that Robinson knowingly or intentionally forcibly resisted, obstructed, or interfered with Officer Taghon and Officer Jozaites while they were lawfully engaged in the execution of their duties as officers. *See* Ind. Code § 35-44-3-3. This charge resulted from the altercation that occurred when the officers attempted to grab Robinson, Robinson pulled free from their grasp, the officers struck him twice, and the officers ordered him to stop resisting.

In order to convict Robinson of battery on a law enforcement officer, the State needed to prove that Robinson knowingly or intentionally touched Officer Taghon in a rude, insolent, or angry manner while Officer Taghon was engaged in the execution of his official duty. *See* I.C. § 35-42-2-1(a)(1)(B). This charge resulted from Robinson's pushing Officer Taghon as he attempted to enter Robinson's residence.

The jury convicted Robinson of this charge, and as we have already held, the evidence is sufficient to sustain this conviction.

The facts that are the subject of the resisting charge are distinct from the facts that are the subject of the battery charge, and the jury could have properly concluded that Robinson was guilty of battery on a law enforcement officer but not guilty of resisting law enforcement. Furthermore, where a defendant is acquitted of some charges and convicted of others, as here, the results will survive a claim of inconsistency where the evidence is sufficient to support the convictions. Here, as we have already held, the evidence is sufficient to sustain Robinson's conviction for battery. Thus, the verdicts on the two offenses are not inconsistent. *See, e.g., Jackson v. State,* 576 N.E.2d 607, 611 (Ind.Ct.App. 1991) (holding that the defendant's conviction for resisting law enforcement was not inconsistent with his acquittal for battery on a police officer).

For the foregoing reasons, we affirm Robinson's conviction for battery on a law enforcement officer as a class A misdemeanor.

Affirmed.

BAILEY, J., and MAY, J., concur.