**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 6, 2005
Decided December 19, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 05-1631

| | |
|---|---|
| UNITED STATES of AMERICA, <br> *Plaintiff-Appellee,* <br><br> v. <br><br> SHANE SHEPHERD, <br> *Defendant-Appellant.* | Appeal from the United States District Court for the Southern District of Indiana Indianapolis Division <br><br> No. 1:04CR00122-001 <br><br> Larry J. McKinney, <br> *Chief Judge.* |

**O R D E R**

Shane Shepherd was charged with possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), after police discovered a gun in his car. The district court denied Shepherd's motion to suppress the gun, reasoning that the weapon was discovered during a search incident to a valid, warrantless arrest. Shepherd then entered a conditional guilty plea, reserving the right to challenge the suppression ruling on appeal. The propriety of that ruling is the only issue before us.

Shepherd was a suspect in a double homicide in Indianapolis, Indiana. When the local police developed what they believed to be probable cause to make an arrest, the detective in charge, Todd Lappin, opted not to get an arrest warrant, but instead

asked a task force that hunts fugitives to make a warrantless collar. Shepherd was captured after a car chase, and a gun was found in the car at his feet. He was never charged with the murders, but federal authorities charged him with violating § 922(g)(1). Shepherd moved to suppress the gun, arguing that it was seized unlawfully because the police did not have probable cause to make a warrantless arrest on suspicion of murder.

At the evidentiary hearing on the motion, Detective Lappin and three of the law enforcement officers who captured Shepherd all testified. Lappin testified that he authorized Shepherd's arrest for the double murder. One of the other officers, Mark Hess, testified that he was watching Shepherd and saw him leave a house and drive off. Hess gave chase after alerting a deputy United States marshal to follow Shepherd. Hess and officers in four other cars, three of them marked, caught up with Shepherd when traffic was stopped for a school bus in a residential area. The marked cars, with flashing lights and sirens activated, pulled up on either side of Shepherd's car, but when he saw them Shepherd drove into the yard bordering the road near where children were exiting the bus. Shepherd spun his car around and regained the road, but then struck Hess's car before colliding with the truck driven by the deputy marshal. The impact sent Shepherd off the road again, but Hess saw that he was still trying to drive away and rammed his own car into Shepherd's. The two cars came to a stop. Hess, who had seen Shepherd reaching toward his feet when their cars first collided, exited and approached Shepherd. Hess testified that he saw the butt of a gun between Shepherd's knees.

Shepherd argued that the gun should be suppressed because, he said, the police did not have probable cause to arrest him for the murders. To counter that contention, the government elicited from Detective Lappin the evidence he had gathered against Shepherd. Lappin testified that one of the victims had identified "Shocky" as the shooter, and Lappin knew from previous investigations that Shepherd used the nickname "Shocky." Lappin also interviewed two people (though he would not identify either) who claimed to have witnessed the shooting. One of those witnesses had fled the scene after the murders and, as far as the record shows, never clearly identified Shepherd. The other did not come forward to identify Shepherd as the shooter until several days after the murders. In denying Shepherd's motion, the district court concluded that the victim's dying declaration that he was shot by "Shocky," combined with Lappin's knowledge that Shepherd used that nickname and the statements from the two witnesses "who positively identified Shepherd as the culprit," provided probable cause to arrest him for the murders.

On appeal Shepherd contends that the district court made several erroneous findings of fact that led it to wrongly conclude that the officers had probable cause to arrest him for murder. The government responds that the district court correctly

held that there was probable cause to arrest for murder, but that, even if probable cause was lacking, Shepherd's "intervening act" of fleeing under circumstances amounting to resisting law enforcement in violation of Indiana law created an independent reason for the arrest. Our review of the probable cause determination is *de novo*. *Ornelas v. United States*, 517 U.S. 690, 699 (1996); *United States v. Parra*, 402 F.3d 752, 764 (7th Cir. 2005).

Shepherd, we believe, fails to appreciate that it makes no difference whether the officers had probable cause to arrest him for *murder* when they stopped him; all that matters is whether they had probable cause to arrest for *any* offense. *See Whren v. United States*, 517 U.S. 806, 813 (1996); *United States v. Van Dreel*,155 F.3d 902, 905 (7th Cir. 1998). Shepherd, we also observe, misunderstands at what point he was stopped. The Fourth Amendment is not implicated until a person is actually seized. *See California v. Hodari D.*, 499 U.S. 621, 626 (1991); *McCoy v. Harrison*, 341 F.3d 600, 605 (7th Cir. 2003). And a person is not seized unless he yields to a show of authority or use of force. *McCoy*, 341 F.3d at 605; *United States v. Bradley*, 196 F.3d 762, 768 (7th Cir. 1999). In this case the police surely engaged in a show of authority when they drove up with sirens and emergency lights activated and surrounded Shepherd's car, but he did not yield at this point; indeed, he did not finally yield until he careened off the road after trying to evade the officers and causing several collisions. Therefore, the relevant question is whether the police had probable cause to arrest Shepherd for some offense when they removed him from his car, not, as Shepherd assumes, when the officers first tried to pin Shepherd's car behind the school bus. *See, e.g., Bradley*, 196 F.3d at 768 (explaining that seizure occurred only when defendant stopped his car in response to police gunfire, not when police activated emergency lights and gave chase); *United States v. $32,400.00, in United States Currency*, 82 F.3d 135, 139 (7th Cir. 1996) (explaining that no seizure occurred when police unsuccessfully tried to block defendant's car or when defendant backed into police cars); *Adams v. City of Auburn Hills*, 336 F.3d 515, 520 (6th Cir. 2003) (holding that shooting at defendant's car was not seizure because defendant's movements were not impeded).

We have no difficulty concluding that the officers had probable cause to make the arrest. By the time the police finally seized Shepherd, he had already fled their show of authority, left the road and driven through a residential property, endangered children exiting a stopped school bus, and deliberately hit at least one of the pursuing police cars. If the officers did not have probable cause to arrest for the murders, then certainly they had probable cause to believe that Shepherd, at minimum, had resisted law enforcement, *see Tom v. Voida*, 963 F.2d 952, 960 (7th Cir. 1992), and committed several other violations of state law including criminal recklessness, s*ee, e.g.*, Ind. Code § 35-42-2-2(b)(1) (criminal recklessness); Ind. Code § 35-43-1-2(a)(1) (criminal mischief); Ind. Code § 35-44-3-3(a)(3) (resisting law enforcement). In fact, at oral argument Shepherd's counsel conceded that, even

assuming the police lacked probable cause when they first approached Shepherd, he was not authorized to forcefully resist. *See Indiana v. Moriarty*, 832 N.E.2d 555, 558 (Ind. Ct. App. 2005) (explaining that citizen may not forcefully resist peaceful arrest by person known to be police officer even if arrest is unlawful); *Robinson v. Indiana*, 814 N.E.2d 704, 708 (Ind. Ct. App. 2004) (same). Accordingly, the warrantless arrest was valid, and the district court properly denied Shepherd's motion to suppress.

AFFIRMED.