

FILED

Feb 15 2024, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joshua W. Casselman
Rubin & Levin, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Randall R. Shouse
Shouse & Langlois
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Automotive Finance Corporation d/b/a AFC Automotive Finance Corporation d/b/a AFC, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> Meng Liu, <br><br> *Appellee-Defendant.* | February 15, 2024 <br><br> Court of Appeals Case No. 23A-CC-1468 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Cynthia J. Ayers, Judge <br><br> Trial Court Cause No. 49D04-2009-CC-33233 |

**Opinion by Judge Bradford**
Judge Vaidik concurs.
Judge Brown dissents with opinion.

**Bradford, Judge.**

# Case Summary

Automotive Finance Corporation ("AFC") sued Meng Liu based on Liu's alleged personal guaranty of a promissory note that was in default. In response, Liu claimed that she had not personally signed the guaranty and that her co-defendant ex-husband, Ning Ao, had defrauded her. AFC moved for summary judgment, which motion the trial court granted. Liu appealed, arguing that the judgment should not be enforced against her because Ao had forged Liu's signature on the guaranty; however, we dismissed that appeal on procedural grounds. Subsequently, Liu moved to set aside the summary-judgment order under Indiana Trial Rule 60(B). The trial court granted Liu's motion and vacated the summary-judgment award against her. AFC argues that the trial court abused its discretion in granting Liu relief under Trial Rule 60(B). We affirm.

# Facts and Procedural History

Ao and Liu were once married but separated in 2017 and were divorced sometime in 2020. In September of 2020, AFC sued Golden Dart Holdings LLC ("Dart"); Liu; Ao; Ao's company Monmars Automotive Group LLC ("Monmars"); and Xiaoqiao Yang. AFC's complaint alleged three counts: first, that Monmars had breached a promissory note and security agreement ("the Note"); second, that Dart, Ao, Liu, and Yang were liable for the debt

associated with the Note based on an unconditional and continuing guaranty ("the Guaranty"), which they had each allegedly signed before a notary public; and third, that the defendants were liable for fraud and conversion.

[3] Shortly after AFC filed its complaint, Liu disputed her liability under the Guaranty. On October 15, 2020, Liu filed a *pro-se* letter with the trial court in which she alleged that Monmars was "Ao's company[,]" she and Yang "did not sign the agreement with the AFC or did so without our knowledge[,]" "Ao signed an agreement, agreeing to assuming all of AFC's liabilities" in connection with their marriage-dissolution agreement, and she was not "obligated to undertake the AFC debt." Appellant's App. Vol. II p. 49. That same day, Ao filed a *pro-se* letter with the trial court stipulating that Liu and Yang were "not involved in any business with Monmars […], nor ha[d] they signed with the AFC." Appellant's App. Vol. II p. 59.

[4] In March of 2022, AFC moved for partial-summary judgment on Counts I and II of the complaint against Monmars, Liu, Ao, and Yang for breach of the Note and Guaranty. AFC also designated affidavits from three persons: (1) Senior Collection Manager Joshua Risch; (2) Desire Gideons, the notary public who had notarized the Note and Guaranty; and (3) AFC's counsel regarding the attorney fees and expenses that AFC had incurred in connection with the case. In his affidavit, Risch testified, *inter alia*, that AFC had provided floorplan financing to Monmars; Monmars had failed to pay AFC in accordance with the Note; and Liu, Ao, and Yang guaranteed payment of the Note in the Guaranty. In her affidavit, Gideons testified that she had witnessed Liu, Ao, and Yang

sign the Guaranty on October 5, 2018. On April 5, 2022, the trial court informed Monmars, Liu, Ao, and Yang that, in accordance with Trial Rule 56, they had thirty days after service of AFC's motion in which to respond.

[5] On April 13, 2022, in response to AFC's summary-judgment motion, Liu filed another *pro-se* letter disputing her liability under the Guaranty because of Ao's "confession letter[,]" in which he states that he had used Liu's social-security number "to apply for the loan of AFC[,]"had not clearly explained to her what AFC is, and had helped her sign the Note and Guaranty. Appellant's App. Vol. II p. 122. According to Liu, this letter proved that she had not been aware of "this loan from AFC" and that Ao had "simply explained that his company needed a signature from an American citizen." Appellant's App. Vol. II p. 121. Neither this confession letter nor Liu's April 13, 2022, *pro-se* filing had been signed under oath. Further, neither Liu nor her co-defendants designated evidence opposing AFC's summary-judgment motion or filed responses in compliance with Trial Rule 56(C).

[6] On September 23, 2022, the trial court conducted a hearing on AFC's summary-judgment motion, at which a Mandarin interpreter was present to assist Liu and Yang. After the hearing, the trial court awarded AFC partial-summary judgment in the amount of $163,097.99 plus costs, against Monmars, Liu, Ao, and Yang (who were found to be jointly and severally liable), finding that "[t]he designated evidentiary matter shows that there is no genuine issue of material fact and [AFC] is entitled to judgment as a matter of law" on Counts I and II of the complaint. Appellant's App. Vol. II p. 141. Liu appealed this

judgment on October 26, 2022 ("the First Appeal"). Liu, however, neglected to file her appellant's brief by the deadline and this court dismissed the First Appeal "with prejudice" on February 24, 2023. *Meng Liu, et al. v. Automotive Finance Corporation*, 22A-CC-2592 (Feb. 24, 2023).

[7]     While the First Appeal was pending, Liu challenged AFC's right to garnish certain deposit accounts held in her name. On November 16, 2022, the trial court ordered the release of some of these deposit accounts, with the exception of $20,000.00 in one account, which the trial court stated was "to be held for her creditor, AFC." Appellant's App. Vol. II p. 144. The trial court, however, never issued a final garnishment order in favor of AFC as to these funds.

[8]     Regarding the remaining $20,000.00 being held for AFC, Liu filed an additional *pro-se* request asking that the funds be "refund[ed]" to her on December 6, 2022. Appellant's App. Vol. II p. 13. AFC requested a hearing for a final garnishment ordered, which the trial court scheduled for January 9, 2023; however, Liu had retained counsel who secured a continuance until March 28, 2023. At the March 28, 2023 hearing, Liu appeared with counsel and the trial court ordered Liu "to file a motion for exemption hearing[,]" which her counsel did. Appellant's App. Vol. II p. 17. The trial court scheduled this exemption hearing for May 3, 2023.

[9]     At the May 3, 2023 exemption hearing, the trial court did not limit evidence to determining which, if any, exemptions applied to Liu's $20,000.00 deposit account. Despite AFC's objection and the fact that Liu's appeal had been

dismissed and that she had not yet filed a Trial Rule 60(B) motion, the trial court allowed Liu to present evidence of Ao's alleged fraud to challenge the underlying partial-summary-judgment award. In overruling AFC's objection, the trial court stated that

> this whole case has been involved with allegations of all kinds of fraud and I have to get to the bottom of it before we ever go back to the garnishment hold posture that we were in in proceeding supplemental court. That's the reason that I'm hearing it instead of the usual proceeding[] supplemental judge in the first place, so I'm gonna (sic) overrule your objection to Ning Ao testifying about what happened with the original note and who got the money.

Tr. Vol. II p. 7.

[10] In response to questioning from the trial court, Ao testified that he had used Liu's name and information to apply for the loan for AFC, the loan had funded Monmar's account, and Ao had found "two foreign students from China and have (sic) them sign on behalf of Xiaoqiao Yang and Meng Liu" using Yang's and Ming's identification cards. Tr. Vol. II p. 10. Additionally, Liu testified that she had not signed or cosigned for any loan. At the conclusion of the hearing, the trial court set a deadline of May 12, 2023, to file a motion relating to the underlying judgment and another deadline in June of 2023 for the parties to submit proposed orders related to Liu's exemption request.

[11] On May 10, 2023, Liu moved for relief from the entry of partial-summary judgment in favor of AFC based on Ao's testimony at the exemption hearing.

Liu alleged in her motion that "subsequent to the entry of summary judgment, newly discovered evidence of fraud has been presented to the court, pursuant to Indiana Trial Rule 60(B)(3)." Appellant's App. Vol. II p. 151. In response, AFC argued that Ao's alleged fraud was not newly discovered evidence because Liu had asserted the fraud defense on summary judgment and in her dismissed appeal. Moreover, AFC noted that Liu had failed to designate any admissible evidence to support her opposition to AFC's summary judgment motion and was not permitted to present untimely testimony at the summary-judgment hearing.

[12] In June of 2023, the trial court granted Liu relief from summary judgment, finding that Ao had "admitted under oath that the signatures on the loan application […] were forged" and had further acknowledged that Liu "received no benefits" from the loan. Appellant's App. Vol. II p. 23. Based on that testimony, the trial court concluded that Liu had met her burden of showing that she had a meritorious defense under Trial Rule 60(B).

[13] In addressing AFC's argument that the prior dismissal of the First Appeal had precluded Liu's Trial Rule 60(B)(3) motion, the trial court concluded that the judgment entered against Liu in the First Appeal was not res judicata because this court had dismissed the appeal on procedural grounds for Liu's failure to file an appellant's brief and had not decided the case on the merits. Based on these findings and conclusions, the trial court granted Liu's request for relief from summary judgment, which vacated AFC's summary-judgment award as to Liu and lifted all holds on Liu's deposit accounts.

# Discussion and Decision

[14] "Indiana Trial Rule 60(B) provides a mechanism by which a party may obtain relief from the entry of a final judgment." *Bello v. Bello*, 102 N.E.3d 891, 894 (Ind. Ct. App. 2018). The decision to grant or deny a motion for relief from judgment is entrusted to the discretion of the trial court and is reviewable only for an abuse of that discretion. *Gipson v. Gipson*, 644 N.E.2d 876, 877 (Ind. 1994). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effects of the facts and circumstances before it." *Pickett v. State*, 83 N.E.3d 717, 719 (Ind. Ct. App. 2017). Moreover, "Indiana courts have long had both statutory and inherent equitable powers to set aside or modify erroneous or inequitable judgments." *Kelly v. Bank of Reynolds*, 171 Ind. App. 515, 518, 358 N.E.2d 146, 148 (1976).

## A.   Trial Rule 60(B)(3) Standard

[15] "Indiana courts applying the 'fraud' provision of subsection (B)(3) of Indiana Rule 60 have required a movant to show that fraud prevented the movant from fully and fairly presenting the movant's case." *Outback Steakhouse of Fla., Inc., v. Markley*, 856 N.E.2d 65, 73 (Ind. 2006). "If a party cannot show that fraud, misrepresentation, or misconduct substantially prejudiced the party's presentation of the party's case, a court should not set aside an otherwise final judgment." *Id*. A party moving for relief under this subsection must also show "a meritorious claim or defense[,]" or "that a different result would be reached if the case were retried on the merits and that it is unjust to allow the judgment

to stand." Ind. Trial R. 60(B); *Smith v. Johnson*, 711 N.E.2d 1259, 1265 (Ind. 1999).

[16] AFC argues that the trial court applied the wrong standard to Liu's motion for relief from summary judgment. We disagree. The trial court concluded that "Liu had the burden of proving that the trial [c]ourt erred in determining that there were no genuine issues of material fact" and that "she had a meritorious defense." Appellant's App. Vol. II pp. 23–24. Moreover, the trial court noted at the exemption hearing that "this whole case has been involved with allegations of all kinds of fraud and I have to get to the bottom of it[.]" Tr. Vol. II p. 7. Ao testified that he had fraudulently "used [Liu's] information to apply for the loan" and she "did not know anything" about it. Tr. Vol. II p. 9. As a result of this "newly discovered evidence of fraud[,]" Liu filed her Trial Rule 60(B)(3) motion in which she alleged that Ao had "fraudulently obtained [Liu's signature], as a co-guarantor of the loan[.]" Appellant's App. Vol. II p. 151. Liu produced sufficient evidence to sustain the trial court's finding that fraud had occurred which had prevented her from presenting her case.

[17] Additionally, we cannot say that the trial court abused its discretion in concluding that Liu had established a meritorious defense.[1] Ao's "undisputed

---

[1] AFC argues, in part, that the trial court erred in concluding that Liu had proved that she had a meritorious defense because it had improperly considered evidence presented for the first time after the entry of summary judgment. In making that argument, AFC cites *Welton v. Midland Funding, LLC*, 17 N.E.3d 353, 357 (Ind. Ct. App. 2014), in which we affirmed the trial court's denial of a motion for relief from judgment because Welton had failed to respond at all to Midland's summary-judgment motion, beyond requesting two extensions. AFC's reliance on that case, however, is unavailing because the trial court had received Liu's

testimony" that he had committed fraud points to a judgment contrary to that entered by the trial court. Appellant's App. Vol. II p. 24. In this case, Liu and Yang provided letters to the trial court that notified the court of Ao's alleged fraud and Ao himself testified to this at the May 3, 2023 exemption hearing. As a result, the trial court concluded that Liu had met her burden of showing a meritorious defense.

[18]    Based on Ao's testimony that he fraudulently used Liu's information to obtain the loan from AFC, our deference to trial courts regarding Trial Rule 60(B) decisions, and our trial courts' inherent powers to modify inequitable judgments, we cannot say that the trial court abused its discretion when it considered Ao's evidence of fraud, found that Liu had presented a meritorious defense, and granted her motion for relief from judgment. *See Outback Steakhouse of Fla., Inc.*, 856 N.E.2d at 73; *see also Kelly*, 171 Ind. App. at 518, 358 N.E.2d at 148.

## B.    Dismissal of the First Appeal

[19]    AFC also argues that the trial court abused its discretion in holding that the dismissal of the First Appeal had not precluded her filing of a Trial Rule 60(B) motion. A Trial Rule 60(B) motion "is not meant to be used as a substitute for direct appeal or to revive an expired attempt to appeal." *Bello*, 102 N.E.3d at

---

and Yang's letters detailing Ao's fraud on April 13 and 21, 2022—within the thirty-day period for submitting a response to AFC's summary-judgment motion.

894. "Any […] issue which was raised by, or could have been raised by a timely motion to correct errors and a timely direct appeal may not be the subject of a motion for relief from judgment under T.R. 60." *Snider v. Gaddis*, 413 N.E.2d 322, 326 (Ind. Ct. App. 1980). As mentioned, Liu originally appealed the summary-judgment award, which we dismissed on procedural grounds and never addressed the merits.

[20] In making its argument, AFC cites Indiana's well-established principle that "[o]ne cannot sit idly by and let the time for appeal elapse, thereafter file a 60([B]) motion and thereby revive his expired remedy of appeal." *Id.* For example, AFC cites *S.E. v. State*, 744 N.E.2d 536, 538 (Ind. Ct. App. 2001), in which a defendant appealed a judgment against him, but failed to file the praecipe to perfect his appeal. The defendant then attempted to file a Trial Rule 60(B) motion, which the trial court denied after concluding that the defendant's claim could have been raised on direct appeal but had not been. *Id.* at 539. That is not what happened here.

[21] In the First Appeal, Liu had attempted a *pro-se* appeal of the summary-judgment order against her; however, after having raised the issue of Ao's fraud and perfecting her appeal via her notice of appeal, she had failed to prosecute the appeal by neglecting to file an appellant's brief, resulting in our dismissal of her case. *Meng Liu, et al. v. Automotive Finance Corporation*, 22A-CC-2592 (Feb. 24, 2023). As the trial court noted "the appeal was dismissed on procedural grounds" and "the judgment entered against Liu [is] not res judicata since [it] was not decided on the" merits. Tr. Vol. II pp. 3, 4. Because it was based on

newly-discovered evidence, Liu's motion for relief was neither a substitute for a direct appeal nor an attempt to revive an expired appeal. Motions for relief from judgment are intended to address "the procedural, equitable grounds justifying relief from the legal finality of a final judgment" and, given the trial court's wide latitude, we cannot say it abused its discretion in concluding that Liu has shown that she is entitled to equitable relief from AFC's summary-judgment award. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010).

[22] The judgment of the trial court is affirmed.

Vaidik, J., concurs.

Brown, J., dissents with opinion.

**Brown, Judge, dissents with opinion.**

[23]   I respectfully dissent from the majority's decision that the trial court did not err in granting Liu's motion for relief from judgment. It is well settled that litigants who proceed pro se are held to the same standard as trained counsel and are required to follow procedural rules. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Ind. Trial Rule 56 governs motions for summary judgment and provides that "[a]n adverse party shall have thirty (30) days after service of the motion to serve a response and any opposing affidavits." Ind. Trial Rule 56(C). The Indiana Supreme Court has held: "When a nonmoving party fails to respond to a motion for summary judgment within 30 days by either filing a response, requesting a continuance under Trial Rule 56(I), or filing an affidavit under Trial Rule 56(F), the trial court cannot consider summary judgment filings of that party subsequent to the 30-day period." *Mitchell v. 10th & The Bypass, LLC*, 3 N.E.3d 967, 972 (Ind. 2014) (quoting *HomEq Servicing Corp. v. Baker*, 883 N.E.2d 95, 98-99 (Ind. 2008) (quoting *Borsuk v. Town of St. John*, 820 N.E.2d 118, 124 n.5 (Ind. 2005))).

[24]   AFC filed its complaint in September 2020 and its motion for partial summary judgment on March 30, 2022, and the court issued an order dated March 31, 2022, and stamped as filed on April 5, 2022, stating: "Comes now the plaintiff and files its Motion for Partial Summary Judgment, and in accordance with Trial Rule 56, the defendants shall have thirty (30) days from the date of service of plaintiff's Motion to serve a response and any opposing affidavits." Appellant's Appendix Volume II at 119. There is no dispute that Liu did not

designate evidence in opposition to AFC's summary judgment motion within thirty days after service and that the trial court entered summary judgment against her.[2] Liu initiated an appeal, and this Court dismissed it because she did not file an appellant's brief.

[25] Ind. Trial Rule 60(B)(3) enables a court to grant relief from an otherwise final judgment for fraud, misrepresentation, or other misconduct of an adverse party. *Outback Steakhouse of Fla., Inc. v. Markley*, 856 N.E.2d 65, 72 (Ind. 2006). A motion under Trial Rule 60(B) "is not a substitute for a direct appeal." *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). *See also S.E. v. State*, 744 N.E.2d 536, 539 (Ind. Ct. App. 2001) ("[I]t is firmly established that a motion for relief under T.R. 60(B) cannot be used as a substitute for a direct appeal, nor can it be used to revive an expired attempt to appeal.") (citation omitted). Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment. *P.S.S.*, 934 N.E.2d at 740 (citation omitted).

[26] Moreover, the Indiana Supreme Court has held that, when applying the "fraud" provision of Trial Rule 60(B)(3), the movant must show that the fraud "prevented the movant from fully and fairly presenting the movant's case." *Outback Steakhouse*, 856 N.E.2d at 73. "This showing is required because

---

[2] While Liu submitted a letter to the trial court, the majority states that the letter was not signed under oath and that Liu did not designate evidence opposing AFC's summary-judgment motion or file a response in compliance with Trial Rule 56(C).

subsection (b)(3) creates a limited exception to the general rule of finality of judgments. If a party cannot show that fraud, misrepresentation, or misconduct substantially prejudiced the party's presentation of the party's case, a court should not set aside an otherwise final judgment." *Id.*

In her motion for relief from judgment citing Trial Rule 60(B)(3), Liu alleged that Ao fraudulently obtained her signature as a co-guarantor of the loan from AFC and that her signature had been forged. The fraud related to the execution of the guaranty which AFC designated in support of its motion for summary judgment. She did not allege fraud which prevented her from filing a timely response to AFC's summary judgment motion. She made no claim that the alleged fraud "prevented [her] from fully and fairly presenting [her] case." *Outback Steakhouse*, 856 N.E.2d at 73. Further, to the extent that she could have presented her claim in the previous appeal and did not file an appellant's brief raising the claim, she could not subsequently revive the claim by filing a motion under Trial Rule 60(B). *See S.E. v. State*, 744 N.E.2d 536, 539 (Ind. Ct. App. 2001) ("S.E. could have raised this claim on direct appeal but did not, and he cannot revive it now.").

For the foregoing reasons, I would find the trial court erred in granting Liu's motion for relief from judgment under Trial Rule 60(B)(3) and reverse.