v.

**STATE of Indiana, Respondent–Appellee.**

No. 45A03–8908–JV–368.

Court of Appeals of Indiana, Third District.

April 10, 1990.

Publication Ordered May 2, 1990.

Susan K. Carpenter, Public Defender and Lee A. Smith, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen. and Margarett L. Knight, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Judge.

C.B. appeals from the denial of her Trial Rule 60 motion. C.B. chose that method to challenge the trial court's revocation of her probation. We reverse and remand.

C.B. does not contest the trial court's delinquency finding. C.B. had previously admitted the allegations of battery and truancy[1] as charged in the delinquency petition. Attendance records reflect C.B.'s nearly continuous absence from school. The court ordered C.B.'s commitment to Girls School stayed and placed her on pro-bation. The terms of that probation required C.B. to attend school regularly. She did not, so the probation department filed a petition for modification of the court's dispositional decree. C.B. appeared at the November 29, 1988 hearing on that petition without counsel. After a brief hearing, the court committed C.B. to the Indiana Girls School.

On March 28, 1989 C.B., with the assistance of an attorney from the public defender's office, moved the court, pursuant to Trial Rule 60(B), to vacate its dispositional order on the grounds that C.B. had been deprived of her constitutional right to counsel at the probation revocation hearing. Although the record is unclear, it appears that the court addressed C.B.'s motion on the merits rather than on procedural grounds. *See* R. pp. 38, 50. The procedural question was whether TR 60 was the appropriate means to challenge the court's November 29, 1988 order. After ruling on the procedural matter in C.B.'s favor, the trial court apparently denied her TR 60 motion on the merits. In that motion C.B. had challenged the deprivation of counsel and the severity of the court's dispositional order. C.B.'s appeal presents those same two issues. In addition, the state has challenged the trial court's ruling that TR 60 is applicable.

## DISCUSSION

In a series[2] of opinions by this court and our supreme court in the case of *Jordan v. State* the issue was whether a juvenile could make use of the post-conviction procedures to redress alleged errors in a delinquency proceeding. Ultimately, a divided supreme court ruled that a PC 1 petition was not the appropriate means to contest the juvenile court's ruling. In *Jordan,* as in the case at bar, the juvenile contended, *inter alia,* that the court's actions were tainted by the juvenile's lack of counsel. Moreover, in *Jordan,* as in this case, the time for a direct appeal from the trial court's order had passed before the juvenile sought appellate review. How-

---

1. *See* IC 20–8.1–3–17.

2. *See Jordan v. State* (1986), Ind.App., 499 N.E.2d 759 (Conover, J. dissenting), *vacated* (1987), Ind., 512 N.E.2d 407 (DeBruler and Dickson, JJ., dissenting), *rehearing denied* 516 N.E.2d 1054 (Shepard, C.J. concurring; DeBruler and Dickson, JJ. dissenting).

ever, in *Jordan*, the juvenile was attempting to attack the delinquency finding. Here, C.B. has directed her attention only towards the rehabilitative action ordered, her commitment to the Indiana Girls School, following an uncounseled probation revocation hearing.

C.B. relies upon Chief Justice Shepard's concurrence in the court's denial of Jordan's petition for rehearing. Therein the chief justice concluded that a means of redressing issues such as those presented here should be available and suggested that a Trial Rule 60 motion is the appropriate instrument. *Jordan, supra,* 516 N.E.2d at 1055. Both juvenile delinquency proceedings and probation revocation proceedings are considered to be civil matters. *See, e.g., Jordan, supra,* 516 N.E.2d at 1054 (Shepard, C.J. concurring); *Payne v. State* (1987), Ind.App., 515 N.E.2d 1141, 1144. Thus, the trial court's decision to reach the merits of C.B.'s motion as submitted in accordance with the trial rules was correct.

▉ Under Indiana law, a probationer is entitled to counsel at the statutorily required hearing on a petition alleging the violation of a condition of probation. IC 35–38–2–3(d). Similarly, a juvenile probationer is, under Indiana case law, entitled to be informed of her right to have an attorney appointed to represent her at any probation revocation hearing if she cannot afford to hire one. *In the Matter of Jennings* (1978), 176 Ind.App. 277, 375 N.E.2d 258. The trial court erred in failing to so inform C.B.. The state has neither sufficiently distinguished nor assailed our holding in *Jennings* to warrant our ruling otherwise.

Having concluded that this matter must be remanded for a counseled hearing on the probation revocation petition, it is unnecessary to address C.B.'s second issue.

Reversed and remanded.

HOFFMAN, P.J., and STATON, J., concur.