640 N.E.2d 768 (1994)
In the matter of D.D.J., a Child Adjudicated Delinquent Child, Appellant-Respondent below,
v.
STATE of Indiana, Appellee-Petitioner below.
No. 45A03-9402-JV-72.
Court of Appeals of Indiana, Third District.
October 6, 1994.
Transfer Denied January 4, 1995.
Andrew W. Swain, Frost & Hugon, Indianapolis, for appellant.
Pamela Carter, Atty. Gen., Jodi Kathryn Rowe, Deputy Atty. Gen., Indianapolis, for appellee.
STATON, Judge.
Dennis Johnson ("Johnson") appeals the juvenile court's adjudication of him as a delinquent child. Johnson raises eight issues for review, only one of which we must address: whether the juvenile court properly denied his motion for relief from judgment as untimely.
We affirm.
The facts most favorable to the judgment reveal that on July 17, 1991, police arrested fourteen-year-old Johnson for harassment after he made numerous false 911 emergency calls. On August 8, 1991, the juvenile court adjudged him a delinquent child. On June 17, 1993, Johnson filed a motion for relief from judgment under Ind.Trial Rules 60(B)(2) and 60(B)(8), alleging various constitutional violations. The juvenile court denied his motion as untimely and this appeal ensued.
*769 A motion for relief from judgment is within the equitable discretion of the court; appellate review of the grant or denial thereof is limited to whether the trial court abused its discretion. Summit Account & Computer v. Hogge (1993), Ind. App., 608 N.E.2d 1003, 1005. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it, or the reasonable inferences to be drawn therefrom. Id.
Johnson first relies on T.R. 60(B)(2), which provides relief from judgment for any ground that could be raised in a motion to correct error. Relief under this provision is limited by the rule's express language: a motion in reliance thereon must be filed within one year from the date of judgment. T.R. 60(B); Summit Account, supra. Because Johnson's motion was filed almost two years after the original disposition of his case, the juvenile court's dismissal of this ground was a proper exercise of its discretion.
Johnson also relies on T.R. 60(B)(8), which provides relief for "any reason justifying relief from the operation of the judgment... ." Motions brought under this provision are not subject to the one year time limitation, but must be brought within a reasonable time as determined by the trial court's equitable discretion. T.R. 60(B).
The juvenile court denied Johnson's T.R. 60(B)(8) motion on the ground that he failed to satisfy the reasonable time requirement. Johnson contends that the denial of his motion on this basis is clearly erroneous because: 1) the juvenile court has continuing jurisdiction over Johnson; 2) Johnson should be afforded an avenue to collaterally attack his delinquency adjudication; and 3) his motion was brought within a reasonable time under the circumstances.[1]
We agree with Johnson that the juvenile court's continuing jurisdiction allows the court to modify his dispositional decree. IND. CODE 31-6-7-16 (1993). However, we do not agree that this jurisdictional power renders the time limitations expressly delineated in the Indiana Trial Rules inapplicable to the juvenile court. In fact, the legislature has expressly provided that the rules of criminal and civil procedure are generally applicable to the juvenile courts "in all matters not covered by [I.C. 31-6-1-1 et seq.]." IND. CODE 31-6-7-1 (1993). Inasmuch as a T.R. 60(B) motion is available to challenge an adjudication of delinquency, C.B. v. State (1990), Ind. App., 553 N.E.2d 488, 490, its express time limitations are equally available to the courts in determining the merits of such motions.
Johnson next argues that because Indiana's post-conviction remedies are unavailable in juvenile proceedings, Jordan v. State (1987), Ind., 512 N.E.2d 407, 409, reh. denied, 516 N.E.2d 1054, the juvenile court's denial of his motion improperly precludes any collateral attack on the disposition of his case. We reject this argument. It is well settled that adjudications of delinquency may be properly challenged on direct appeal. Id. Moreover, Johnson could have availed himself of the relief set forth in T.R. 60(B) within the limitations set forth therein. Because the Indiana trial and appellate rules provide sufficient avenues for relief, we find no error.[2]
Finally, Johnson argues that under the circumstances of his case, his motion was brought within a reasonable time. The determination of what period constitutes a reasonable time varies with the circumstances of each case. Graham v. Schreifer (1984), Ind. App., 467 N.E.2d 800, 806. According to Johnson, the circumstance warranting relief *770 in his case is the failure of the court to advise him of his right to appointment of pauper counsel.
Johnson argues that because he was not properly advised of his right to counsel and thus proceeded pro se, he was unaware of the constitutional violations to which he was subjected. However, the instant record reveals that Johnson was represented by counsel as early as April 23, 1992, less than one year after the original disposition of his case and some fourteen months prior to the filing of his T.R. 60 motion. From this evidence the juvenile court could reasonably infer that Johnson had ample opportunity to identify any grounds for relief and promptly file the appropriate motion. Accordingly, the juvenile court did not abuse its discretion by denying Johnson's motion as untimely.
Affirmed.
HOFFMAN and FRIEDLANDER, JJ., concur.
NOTES
[1] Johnson also argues that the juvenile court's jurisdiction is void due to the court's failure to follow procedural prerequisites. A motion for relief from a void judgment is properly brought under T.R. 60(B)(6). Johnson failed to raise a T.R. 60(B)(6) claim or otherwise address this theory at the trial court level; his failure to do so constitutes waiver of the issue on appeal. Franklin Bank and Trust Co. v. Mithoefer (1990), Ind., 563 N.E.2d 551, 553.
[2] We reject Johnson's argument that the unavailability of post-conviction remedies divests juvenile courts of discretion to reject a T.R. 60(B) motion as untimely. To do so would judicially amend the Indiana Trial Rules. This we will not do. Jordan, supra at 410.