Larry **PERKINS**, Appellant–Respondent,

v.

**STATE** of Indiana, Appellee–Petitioner.

No. 49A02–9811–JV–895.

Court of Appeals of Indiana.

Oct. 27, 1999.

Susan K. Carpenter, Public Defender of Indiana, John S. Sommer, Special Assistant, Indianapolis, Indiana, Attorneys for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Sarah E. Scherrer, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Larry Perkins appeals from the trial court's denial of his motion for relief from judgment pursuant to Ind. Trial Rule 60(B)(8). Perkins raises two issues on appeal, which we consolidate and restate as: whether the trial court improperly denied Perkins' motion for relief from judgment.

We reverse and remand.

Perkins was adjudicated a delinquent on December 17, 1997, for pointing a firearm, an act that would be a felony if committed by an adult. Pursuant to the delinquency determination, the trial court awarded Perkins' guardianship to the Department of Correction. On September 18, 1998, Perkins moved for relief from the delinquency adjudication under T.R. 60(B)(8).

In this motion, Perkins asserted that the evidence supporting his adjudication was insufficient and alleged that he was denied the effective assistance of counsel at his denial hearing. The trial court summarily denied Perkins' motion on September 30, 1998.[1] On October 13, 1998, Perkins filed a motion to reconsider. The trial court denied this motion on October 16, 1998, but on November 17, 1998, incongruously set Perkins' T.R. 60(B) motion for hearing on December 8, 1998.[2]

On December 8, 1998, prior to the hearing on his T.R. 60(B) motion, Perkins filed a motion to expunge his record pursuant to IND.CODE § 31–39–8–2 (1998). At the hearing, Perkins' counsel reported to the trial court his confusion regarding the October 16 and November 17, 1998 orders, stated that he had not received notice of the latter until December 3, and stated that he was unprepared to go forward with a hearing on the T.R. 60(B) motion. However, Perkins' counsel stated that he was prepared to go forward with a hearing on the motion to expunge. Accordingly, the court heard argument on the motion to expunge and took the matter under advisement. Perkins' counsel requested a hearing on his T.R.60(B) motion, but the trial court did not address his request. On December 14, 1998, the trial court denied both the expungement petition and the motion for relief from judgment.[3]

On appeal, Perkins first argues that the evidence was insufficient to support his adjudication and thus, the trial court abused its discretion by denying his motion for relief from judgment. T.R. 60(B) is available to challenge an adjudication of delinquency. *Haluska*, 663 N.E.2d at 1194; *D.D.J. v. State*, 640 N.E.2d 768, 769 (Ind.Ct.App.1994); *C.B. v. State*, 553 N.E.2d 488, 490 (Ind.Ct.App.1990). However, it is firmly established that a motion for relief under T.R. 60(B) cannot be used as a substitute for a direct appeal, nor can it be used to revive an expired attempt to appeal. *Snider v. Gaddis*, 413 N.E.2d 322, 324 (Ind.Ct.App.1980). Perkins' motion for relief from judgment based on the alleged insufficiency of the evidence against him is an attempt to revive an issue that he could have challenged on direct appeal but did not.[4] The trial court did not abuse its discretion by denying his motion for relief on this ground.

Perkins also argues that the trial court abused its discretion by denying his motion for relief from judgment without a hearing regarding his claim that he was

---

1. The trial court's summary denial of Perkins' motion for relief from judgment was based on its determination that it was without jurisdiction pursuant to IND.CODE § 31–30–2–1 (1998), which provides that juvenile court jurisdiction continues until "guardianship of the child is awarded to the department of correction." However, this court has recognized a juvenile's right to challenge his delinquency adjudication pursuant to T.R. 60(B). *Haluska v. State*, 663 N.E.2d 1193 (Ind.Ct.App.1996).

2. The reason for the trial court's denial of Perkins' motion on October 16, 1998 and its subsequent grant of a hearing on the matter on November 17, 1998 is not clear from the record. These incongruous orders understandably caused confusion for both the parties and the court. Apparently relying on the October 16, 1998 denial of his motion to reconsider, Perkins filed his praecipe on October 29, 1998. The trial court acknowledged the filing of the praecipe on November 23, 1998, but stated:

the matter has been set for a hearing and argument on the Motion for Relief from Judgment filed on September 18, 1998 by the order dated November 17, 1998. Unless otherwise notified by counsel, the Court will assume that the hearing set for the date does not meet the requirements of counsel for the Motion for Relief from Judgment but the same will remain on the Court's calendar.

Record, 66. Although it is unclear whether Perkins' counsel contacted the court prior to the December 8 hearing, all parties were present in court on that date.

3. Perkins raises no issue with respect to the denial of his motion for expungement in this appeal.

4. In his September 18, 1998 motion, Perkins alleged that he was not informed of his right to appeal. Our review of the record reveals otherwise.

denied the effective assistance of counsel at his denial hearing. We agree. Like defendants in criminal proceedings, respondents in juvenile delinquency proceedings have a Sixth Amendment right to the effective assistance of counsel. *Bridges v. State,* 260 Ind. 651, 299 N.E.2d 616, 617 (1973). In the criminal context, the Indiana Supreme Court has recently stated that ineffective assistance claims need not be raised on direct appeal, but may be raised in post-conviction relief proceedings instead. *Woods v. State,* 701 N.E.2d 1208, 1216 (Ind.1998), *reh. denied.* However, post-conviction relief procedures are not available to challenge a delinquency adjudication, which is civil in nature. *Jordan v. State,* 512 N.E.2d 407, 410 (Ind.1987), *reh. denied.* The question, then, is whether juveniles may raise an ineffective assistance claim by any means other than a direct appeal.

In *Woods,* our supreme court stated that "a postconviction hearing is normally the preferred forum to adjudicate an ineffectiveness claim." *Woods,* 701 N.E.2d at 1219. The reason for this preference is that such claims generally require additional evidence to assess their merits— evidence that cannot be presented or considered on direct appeal. *Id.* This same consideration applies to juvenile delinquency proceedings. Therefore, we conclude that juveniles must have some procedure in which to raise an ineffective assistance claim that will afford them an opportunity to present evidence.

We are convinced that T.R. 60(B) is an appropriate means by which to raise an ineffective assistance claim in the context of juvenile delinquency proceedings. Indeed, past decisions have tacitly approved of its use for this purpose. In his concurrence to the denial of rehearing in *Jordan,* Chief Justice Shepard opined that, although post-conviction relief procedures are unavailable, "other avenues such as Trial Rule 60 are still open to Jordan." *Jordan v. State,* 516 N.E.2d 1054, 1055 (Ind.1987).[5] Following the Chief Justice's lead, in *C.B. v. State,* 553 N.E.2d 488, 489– 90 (Ind.Ct.App.1990), we held that T.R. 60(B) was an appropriate means for a juvenile to challenge the denial of counsel at a probation revocation proceeding following a delinquency adjudication. Accordingly, we hold that a juvenile may raise an ineffective assistance of counsel claim in a T.R. 60(B) motion.[6]

■ In Perkins' case, the trial court granted a hearing on his T.R. 60(B) motion, but on the appointed day, Perkins' counsel informed the trial court that he was unprepared to proceed with a hearing on the ineffective assistance claim. Counsel did want to proceed with an expungement hearing. The trial court did not specifically grant a continuance with respect to the T.R. 60(B) hearing. However, the record reveals that the argument heard and the evidence presented at the December 8, 1998 hearing pertained to Perkins' motion for expungement and not to his ineffective assistance claim, a fact acknowledged by the trial court, who stated, "in sum total this is an expungement hearing." Record, 155. Moreover, at the conclusion of the hearing, Perkins' counsel specifically requested a hearing on the ineffective assistance claim, which the trial court never ruled on. We are also cognizant of the fact that counsel's unpreparedness was due, at least in part, to the trial court's incongruous orders with respect to the matter and the confusion that resulted

---

5. Subsequent to the Chief Justice's suggestion, Jordan filed a T.R. 60(B) motion in the trial court claiming ineffective assistance. The trial court denied his motion as untimely under the rule. This Court upheld that denial in *Jordan v. State,* 549 N.E.2d 382, 384 (Ind. Ct.App.1990).

6. This is not to say, however, that a juvenile may not raise an ineffective assistance claim on direct appeal, as there are times when such a claim may be determined from the trial record alone. We also note that the express time limitations of T.R. 60 apply as well. *Jordan,* 549 N.E.2d at 384; *D.D.J.,* 640 N.E.2d at 769.

therefrom. In these limited circumstances, we believe it would be unjust to preclude Perkins an opportunity to present evidence on his ineffective assistance claim. The trial court abused its discretion when it denied Perkins' motion for relief from judgment without a hearing on his ineffective assistance claim.

Reversed and remanded.

NAJAM, J., and RUCKER, J., concur.