Otis **FRESHWATER**, Appellant–
Defendant,

v.

**STATE of Indiana, Appellee–Plaintiff.**
No. 27A02–0411–CR–996.

Court of Appeals of Indiana.

Sept. 30, 2005.

Transfer Denied Dec. 8, 2005.

C. Robert Rittman, Grant County Public Defender, Marion, for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

MAY, Judge.

Otis Freshwater pled guilty to misdemeanor battery in Marion City Court ("city court") some thirteen years ago. He recently filed a Trial Rule 60(B) motion for relief from that judgment, and the city court denied his request. He then petitioned the Grant Superior Court ("the trial court") for trial *de novo* on the city court's denial of Freshwater's motion for relief from the thirteen-year-old judgment. He appeals from the trial court's denial of his request for a trial *de novo*.

Freshwater raises three issues, which we consolidate and restate as whether the trial court's denial of his request for a trial *de novo* violated Freshwater's constitutional rights to due process, equal protection, and *habeas corpus*. Because Freshwater's petition was inadequate to demonstrate he could be entitled to relief under T.R. 60(B), we affirm without addressing his constitutional arguments.[1]

## FACTS AND PROCEDURAL HISTORY

On April 2, 1992, in city court, Freshwater pled guilty to battery of his girlfriend as a Class B misdemeanor. The city court sentenced him to sixty days in jail, suspended those sixty days, fined him one dollar, and placed him on non-reporting probation for one year. Freshwater did not request trial *de novo* of that conviction or sentence.

On May 19, 1994, in a Grant County court, Freshwater again pled guilty to battery of his girlfriend. Because Freshwater had been convicted of battery of the same victim, the State charged the crime as a Class D felony. Freshwater pled guilty to battery as a Class D felony.

Then, on May 12, 2004, in a Grant County court, a jury found Freshwater guilty of burglary as a Class C felony. The State filed a second count requesting Freshwater's sentence be enhanced because he is an habitual offender. One of the convictions the State cited to support the habitual offender enhancement was his 1994 felony conviction of battery.

On July 1, 2004, Freshwater filed a "Motion for Relief From Judgment" in the city court requesting his 1992 misdemeanor conviction of battery be set aside. (App. at 13.) The motion cited Ind. Trial Rules 60(B)(6) and 60(B)(8) and asserted his plea was not knowingly and voluntarily entered because:

a) [Freshwater] was not adequately advised of his rights, nor did he lay an adequate factual basis for entry of the plea; and/or,

b) The criminal information which formed the basis of the prosecution is

---

**1.** Nor do we determine whether a Trial Rule 60(B) motion is an appropriate procedural avenue by which a person may challenge a city court conviction after the 15–day period for filing a request for trial *de novo*. Because Freshwater's petition was inadequate, we do not address whether a Rule 60(B) motion is available in such a situation.

blank, thus creating fundamental error; and/or,

c) The transcript is unavailable thus preventing adequate review of Defendant's plea.

(*Id.* at 16.) The State objected to his motion. After a hearing, the city court denied his motion because "the relief is not available for the Defendant." (*Id.* at 13.)

Freshwater then filed a praecipe for trial *de novo* in the trial court. Freshwater asserted he was appealing the city court's denial of his motion for relief from judgment. The State responded, noting Freshwater failed to appeal his conviction and sentence within the fifteen days provided by Ind. Trial De Novo Rule 3(B)(1).[2] The trial court held a hearing and denied Freshwater's request for trial *de novo* in an order that provided:

Defendant appears in person and by counsel and the State appears by counsel for a hearing on Defendant's Praecipe for Trial De Novo and Petition for Transfer. Evidence and argument are presented and concluded. The Court having taken this matter under advisement now denies the Defendant's Praecipe and Petition for Transfer for the following reasons:

1. The defendant pled guilty in Marion City Court to battery, a class B misdemeanor and was sentenced on April 2, 1992, under cause number 27H02–9201–CM–0062.

2. The defendant did not seek to exercise his right to a trial de novo following his conviction in Marion City Court.

3. Twelve (12) years after his conviction, the Defendant filed a motion for relief from judgment pursuant to Ind. Trial Rule 60(b)(6) and (8) which motion

was denied by the Marion City Court Judge on August 5, 2004.

4. On August 16, 2004, the Defendant filed his Praecipe for Trial De Novo and Petition for Transfer requesting that he be granted a trial de novo on the Marion City Court's denial of his TR 60(B) motion.

5. The praecipe and petition are hereby denied because a Defendant is required to request a trial de novo within fifteen (15) days of the hearing at which the Marion City Court imposed sentence for the misdemeanor. Trial De Novo Rule 3(B).

6. The record in this case reveals that the Defendant's request for a trial de novo should have been filed within (15) days of April 2, 1992, ago [sic] for the Defendant to secure his right to a trial de novo.

7. Moreover the Court notes that it is being asked to review the denial of a TR 60(B) motion filed in a criminal matter. Relief under TR 60(B)is [sic] only available in a suit of a civil nature. Ind. Trial Rule 1.

For the forgoing reasons, Defendant's Praecipe for Trial De Novo and Petition for Transfer is denied.

(*Id.* at 6–7.)

## DISCUSSION AND DECISION

■ Freshwater's brief raises a number of interesting procedural and constitutional questions regarding the implications of a 2003 Indiana Supreme Court decision that post-conviction remedies are unavailable following city court convictions. *See Jones v. State*, 789 N.E.2d 478 (Ind.2003). However, because his T.R. 60(B) motion was inadequate to justify relief, he could not

2. "Within fifteen (15) days of the hearing *at which the city or town court imposed sentence* for the misdemeanor, the Defendant shall file a written 'Request for Trial De Novo' with the Clerk of the Circuit Courts in the County in which the city or town court is located." (Emphasis added.)

have been prejudiced by the city court's refusal to address the merits of his petition or the trial court's refusal to grant his request for trial *de novo*.

 Whether to grant or deny a motion for relief from judgment is within the equitable discretion of the trial court. *D.D.J. v. State*, 640 N.E.2d 768, 769 (Ind. Ct.App.1994), *trans. denied.* We will not reverse unless the court abused its discretion by rendering a decision "clearly against the logic and effect of the facts and circumstances before it, or the reasonable inferences to be drawn therefrom." *Id.*

Freshwater asserted he was entitled to relief under T.R. 60(B)(6) and 60(B)(8), which provide:

On motion and upon such terms as are just the court may relieve a party or his legal representative from an entry of default, final order, or final judgment, including a judgment by default for the following reasons:

\* \* \* \* \*

(6) the judgment is void;

\* \* \* \* \*

(8) any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4). The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8).

We have explained:

Sub-paragraph (8) of T.R. 60(B) is an omnibus provision that gives broad equitable powers to the trial court in the exercise of its discretion. T.R. 60(B)(8) imposes a time limit based upon reasonableness. To invoke the residual powers of T.R. 60(B)(8), a movant must show exceptional circumstances justifying extraordinary relief, and the movant must show that the proceedings were commenced within a reasonable time.

The determination of what constitutes a reasonable time is a matter within the trial court's discretion. In making its determination, the court must consider the length of time that elapsed from the date of the judgment to the date of the filing of the T.R. 60 motion, the circumstances of the delay, the diligence exercised by the movant, and the possibility of prejudice to the opposing party.

*Jordan v. State*, 549 N.E.2d 382, 384 (Ind. Ct.App.1990), *reh'g denied, trans. denied.*

Freshwater's T.R. 60(B) motion to the city court provided:

Comes now Defendant who being first duly sworn, shows and petitions the Court as follows:

1. That on April 2, 1992, the undersigned entered a plea of guilty to the charge of battery, as a Class B misdemeanor, and received a sentence of sixty (60) days in jail, all suspended and one (1) year informal probation, plus a fine of $1.00 plus costs.

2. That Defendant did not knowingly and voluntarily enter said plea in that:

a) Defendant was not adequately advised of his rights, nor did he lay an adequate factual basis for entry of the plea; and/or,

b) The criminal information which formed the basis of the prosecution is blank, thus creating fundamental error; and/or,

c) The transcript is unavailable thus preventing adequate review of Defendant's plea.

WHEREFORE: Defendant by Counsel moves the Court to set aside his conviction herein pursuant to Trial Rule 60(B)(6) and (8), and for all other relief just and proper in the premises.

(App. at 16.)

Conspicuously missing from Freshwater's motion is any suggestion his petition

was filed within a reasonable time or an explanation why his twelve-year delay was reasonable. Because he failed to even suggest a justification for his twelve-year delay, the city court could not have erred when it found the relief Freshwater requested was "not available." (*Id.* at 13.) His motion was wholly inadequate to justify relief regardless of the alleged errors he asserted.

 Regarding T.R. 60(B)(6), we note the plain language of the Rule requires a motion under that subsection be filed within a reasonable time, so Freshwater's motion under this subsection fails for the same reason. Moreover, while "a judgment void on its face may be attacked at any time, either collaterally or directly," *Jordan*, 549 N.E.2d at 384, Freshwater's allegation that his plea was not entered knowingly and voluntarily does not make his conviction "void on its face." "Where a court has jurisdiction of the subject matter and of the person ..., and it renders a judgment not in excess of the jurisdiction or power of the court, no judgment it may render within the issues is void, however erroneous it may be." *Id.* (quoting *State v. Dossett*, 174 Ind.App. 501, 505–06, 368 N.E.2d 259, 262 (1977)).

Because Freshwater's petition was inadequate to justify relief, we need not address his procedural question regarding the implications of *Jones*, 789 N.E.2d 478. Nor do we need to address his constitutional arguments regarding the trial court's affirmance of the city court's denial of his motion.

We affirm.

SHARPNACK, J., and VAIDIK, J., concur.