**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the purpose
of establishing the defense of res
judicata, collateral estoppel, or the law
of the case.**



APPELLANT PRO SE:

**K.T.**
Michigan City, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

K.T.,                                     )
                                          )
    Appellant-Respondent,         )
                                          )
       vs.                    )    No. 20A03-1311-JV-453
                                          )
STATE OF INDIANA,                         )
                                          )
    Appellee-Petitioner.          )

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
The Honorable Deborah Domine, Magistrate
Cause No. 20C01-9606-JD-380

**September 30. 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

K.T. appeals the trial court's denial of his motion for relief from judgment regarding his 1996 delinquency adjudication for what would have been Class C felony child molesting if committed by an adult. We affirm.

**Issue**

K.T. raises several issues. The dispositive issue we address is whether K.T.'s motion for relief from judgment was timely.

**Facts**

In 1996, K.T. was adjudicated delinquent for what would have been Class C felony child molesting if committed by an adult based upon his admission that he had a seven or eight-year-old child touch his penis. In September 2013, K.T. filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B). K.T. alleged that his 1996 adjudication was improper because he did not have legal representation at the hearing, the State violated the guilty plea, and he was not properly advised of his rights. The trial court denied the motion for relief from judgment. The trial court noted that a motion for relief from judgment under Trial Rule 60(B) must be sought within a reasonable amount of time and found that the seventeen-year delay was not reasonable. The trial court also noted that some of K.T.'s allegations were based on fraud and misrepresentation and that relief under those circumstances must be sought within one year. Consequently, the trial court denied K.T.'s motion. K.T. also filed a motion for reconsideration arguing that the delay was due to "extenuating circumstances." Appellant's Br. p. 33. According to K.T., he believed that he had only admitted to battery and incorrigibility and learned of the

2

child molesting adjudication in 2008. K.T. alleged that his juvenile adjudication was used "to enhance [his] sentence of [his] current case." Id. at 34. The trial court denied the motion for reconsideration, finding that the seventeen-year delay was unreasonable and that the defense of laches was also applicable. K.T. now appeals.

**Analysis**

Post-conviction procedures are not available to challenge a juvenile delinquency adjudication, which is civil in nature. A.S. v. State, 923 N.E.2d 486, 489 (Ind. Ct. App. 2010). Thus, Trial Rule 60(B) is the appropriate means to challenge an adjudication of delinquency. J.A. v. State, 904 N.E.2d 250, 254 (Ind. Ct. App. 2009), trans. denied. A Trial Rule 60(B) motion cannot be used as a substitute for a direct appeal, nor can it be used to revive an expired attempt to appeal. Id. Trial Rule 60(B) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> (1)  mistake, surprise, or excusable neglect;
>
> (2)  any ground for a motion to correct error, including without limitation newly discovered evidence, which by due diligence could not have been discovered in time to move for a motion to correct errors under Rule 59;
>
> (3)  fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4)  entry of default or judgment by default was entered against such party who was served only by publication and who was without actual knowledge of the action and judgment, order or proceedings;

3

(5)    except in the case of a divorce decree, the record fails to show that such party was represented by a guardian or other representative, and if the motion asserts and such party proves that

   (a)    at the time of the action he was an infant or incompetent person, and

   (b)    he was not in fact represented by a guardian or other representative, and

   (c)    the person against whom the judgment, order or proceeding is being avoided procured the judgment with notice of such infancy or incompetency, and, as against a successor of such person, that such successor acquired his rights therein with notice that the judgment was procured against an infant or incompetent, and

   (d)    no appeal or other remedies allowed under this subdivision have been taken or made by or on behalf of the infant or incompetent person, and

   (e)    the motion was made within ninety [90] days after the disability was removed or a guardian was appointed over his estate, and

   (f)    the motion alleges a valid defense or claim;

(6)    the judgment is void;

(7)    the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(8)    any reason justifying relief from the operation of the judgment, other than those reasons set forth in sub-paragraphs (1), (2), (3), and (4).

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the

4

> judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense.

The burden is on the movant to establish the ground for Trial Rule 60(B) relief. In re Paternity of P.S.S., 934 N.E.2d 737, 740 (Ind. 2010). A trial court's ruling on a Trial Rule 60(B) motion for relief from judgment will be disturbed only for an abuse of discretion. Id. at 740-41. An abuse of discretion will be found only when the trial court's action is clearly erroneous, that is, against the logic and effect of the facts before it and the inferences which may be drawn therefrom. Id. at 741.

The trial court determined that K.T.'s motion was not filed within a reasonable time for reasons (5), (6), (7), and (8) or within one year for reasons (1), (2), (3), and (4). Clearly, K.T. did not file his motion within one year; thus, the issue is whether he filed his motion within a reasonable time. The determination of what period constitutes a reasonable time varies with the circumstances of each case. D.D.J. v. State, 640 N.E.2d 768, 769 (Ind. Ct. App. 1994), trans. denied. In making its determination, the court must consider the length of time that elapsed from the date of the judgment to the date of the filing of the Trial Rule 60 motion, the circumstances of the delay, the diligence exercised by the movant, and the possibility of prejudice to the opposing party. Jordan v. State, 549 N.E.2d 382, 384 (Ind. Ct. App. 1990), trans. denied.

Seventeen years elapsed from the time of the delinquency adjudication until K.T. filed his Trial Rule 60(B) motion. Even if we accept K.T.'s assertion that he was unaware of his child molesting adjudication until 2008, K.T. still waited another five

5

years before challenging the adjudication. Further, K.T.'s attorney in 1996 is now deceased, the juvenile court judge is no longer on the bench, and the child victims are now adults. The State clearly would be prejudiced by the substantial delay. We conclude that the trial court did not abuse its discretion by denying K.T.'s motion for relief from judgment under Trial Rule 60(B). See, e.g., D.D.J., 640 N.E.2d at 770 (holding that the juvenile court did not abuse its discretion by denying a motion for relief from judgment after a two-year delay); Jordan, 549 N.E.2d at 384 (holding that the trial court did not abuse its discretion by denying a motion for relief from judgment after a twenty-three-year delay).

## Conclusion

The trial court properly denied K.T.'s motion for relief from judgment, which was brought seventeen years after his juvenile adjudication. We affirm.

Affirmed.

BRADFORD, J., and BROWN, J., concur.