## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 23 2020, 9:34 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ernest E. Dixon
Bunker Hill, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ernest E. Dixon,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

December 23, 2020

Court of Appeals Case No.
20A-CR-1214

Appeal from the Shelby Superior Court

The Honorable David N. Riggins, Judge Pro-Tempore

Trial Court Cause No.
73D01-0606-FA-15

**Brown, Judge.**

[1] Ernest E. Dixon appeals the denial of his motion for relief from judgment. We affirm.

## Facts and Procedural History

[2] In January 2009, Dixon and the State filed a Joint Motion to Enter Guilty Plea in which Dixon agreed to plead guilty in the Shelby Superior Court to two counts of dealing a Schedule I, II, or III controlled substance as class A felonies under cause number 73D01-0606-FA-15 ("Cause No. 15"). The parties agreed to an aggregate sentence of forty years at the Department of Correction ("DOC") and that the court "shall determine what part shall be executed, and what part suspended, with a cap of thirty (30) years on the executed portion of the sentence." Appellant's Appendix Volume II at 95. In February 2009, the court sentenced Dixon to concurrent terms of forty years on each count with ten years executed and thirty years suspended.

[3] On June 8, 2016, the State filed a Petition to Revoke Probation alleging that Dixon committed the offense of battery in Decatur County under cause number 16C01-1605-F6-437 ("Cause No. 437"). On July 27, 2016, the State filed an Addendum to Petition to Revoke Probation alleging that he failed to report to a scheduled probation appointment. On September 12, 2016, the State filed a 2nd Addendum to Petition to Revoke Probation alleging that he committed obstruction of justice and invasion of privacy in Decatur County on August 2, 2016. On April 27, 2017, the court entered an Order on Petition to Revoke Probation, which found that Dixon violated the terms of his probation and ordered that he serve two years of the previously suspended sentence. It

ordered the sentence be served consecutive to the "Decatur County cases." *Id.* at 67.

[4] On April 19, 2018, the State filed another petition to revoke probation under Cause No. 15 and alleged Dixon committed possession of a synthetic drug, public intoxication, and possession of paraphernalia as charged in cause number 73D02-1804-CM-353 ("Cause No. 353"). On July 11, 2018, the court entered an Order on Petition to Revoke Probation, which found that Dixon violated the terms of probation and ordered him to serve twelve years of his previously suspended sentence.

[5] On May 15, 2020, Dixon, *pro se*, filed a thirteen-page Motion for Relief from Judgment or Order. He asserted that probation fees should not have been assessed for the time that he was incarcerated. He also alleged the sentence under Cause No. 437 "**could not** be started, unless and until service of the first ([Cause No. 15]) sentence had been *completed*, as a consecutive sentence. The first sentence then, had been completed; the obligation discharged, prior to the start of the second sentence ([Cause No. 437])." *Id.* at 55. He stated that the DOC and "Shelby county are without any further personal or subject matter jurisdiction, to force [him] to re-start service of the first sentence, under [Cause No. 15]." *Id.* He alleged that "[t]he same exact loss of jurisdiction occurred when this Court suspended service of sentence in [Cause No. 15], and allowed [him] to *begin, and serve*, the sentence in Cause No. [353]." *Id.* He requested that the court order his sentence discharged, the DOC to immediately release him, and any and all other relief.

[6]     On May 18, 2020, the trial court entered an order which granted Dixon's motion with respect to his request to reduce probation fees and denied his motion with respect to his request for a reduction in his executed sentence.

### *Discussion*

[7]     Before discussing Dixon's allegations of error, we observe that he is proceeding *pro se* and that such litigants are held to the same standard as trained counsel. *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*. Dixon argues the trial court was without any jurisdiction to stop, pause or otherwise interrupt his sentence under Cause No. 15. He asserts that he could not "'begin', serve and complete another sentence for a ***consecutive*** charge in another county, under Cause No. [437]; and then 're-start' the <u>original</u> sentence in Shelby county." Appellant's Brief at 10. He makes a similar argument with respect to Cause No. 353. He cites Ind. Trial Rule 60(B) and appears to assert that the judgment is void, discharged, or another reason exists for relief from judgment.[1]

[8]     The State argues that Dixon is improperly attempting to substitute his motion for relief from judgment for a direct appeal and the "essence of his claim is that the trial court did not have authority/jurisdiction to impose his probation

---

[1] In his statement of the issues, Dixon asserts that the trial court showed bias, but he does not develop this argument and thus waived the issue. *See Cooper v. State*, 854 N.E.2d 831, 834 n.1 (Ind. 2006) (holding that the defendant's contention was waived because it was supported neither by cogent argument nor citation to authority).

violation sentences consecutively to the new conviction sentences." Appellee's Brief at 9-10.

[9] Ind. Trial Rule 60(B) provides in part that that "[o]n motion and upon such terms as are just the court may relieve a party . . . from a judgment . . . for the following reasons: . . . (6) the judgment is void; (7) the judgment has been satisfied, released, or discharged, . . . or (8) any reason justifying relief from the operation of the judgment . . . ."

[10] We review a denial of a motion for relief from judgment for abuse of discretion. *Speedway SuperAmerica, LLC v. Holmes*, 885 N.E.2d 1265, 1270 (Ind. 2008), *reh'g denied*. The burden is on the movant to establish ground for Trial Rule 60(B) relief. *In re Paternity of P.S.S.*, 934 N.E.2d 737, 740 (Ind. 2010). "[A] motion for relief from judgment under Indiana Trial Rule 60(B) is not a substitute for a direct appeal." *Id. See also S.E. v. State*, 744 N.E.2d 536, 539 (Ind. Ct. App. 2001) ("[I]t is firmly established that a motion for relief under T.R. 60(B) cannot be used as a substitute for a direct appeal, nor can it be used to revive an expired attempt to appeal.") (citing *Perkins v. State*, 718 N.E.2d 790, 792 (Ind. Ct. App. 1999)). "Trial Rule 60(B) motions address only the procedural, equitable grounds justifying relief from the legal finality of a final judgment, not the legal merits of the judgment." *In re Paternity of P.S.S.*, 934 N.E.2d at 740 (quoting *Mid-West Fed. Sav. Bank v. Epperson*, 579 N.E.2d 124, 129 (Ind. Ct. App. 1991), *reh'g denied*).

[11] To the extent Dixon suggests the trial court's orders dated April 27, 2017, and July 11, 2018, were void based upon a lack of authority, we disagree. A trial court has statutory authority to revoke a defendant's probation and order an executed sentence if a defendant violates the conditions of his probation at any time during the probationary period. *See* Ind. Code § 35-38-2-3(h). Further, we cannot say that Dixon has developed a cogent argument or any other alleged grounds for relief under Rule 60(B).

[12] For the foregoing reasons, we affirm.

[13] Affirmed.

Vaidik, J., and Pyle, J., concur.