FILED
Nov 29 2023, 9:58 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANT

Amy E. Karozos
Public Defender of Indiana

Deidre R. Eltzroth
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Tyler Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| A.W.,<br>*Appellant-Petitioner,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Respondent.* | November 29, 2023<br><br>Court of Appeals Case No.<br>23A-JV-1609<br><br>Appeal from the Elkhart Circuit Court<br><br>The Honorable Michael A. Christofeno, Judge<br><br>The Honorable Elizabeth Bellin, Magistrate<br><br>Trial Court Cause No.<br>20C01-2004-JD-157 |

**Opinion by Judge Riley.**
Judges Crone and Mathias concur.

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Petitioner, A.W., appeals the trial court's denial of his motion for relief from judgment pursuant to Indiana Trial Rules 60(B)(6) and (8) without conducting an evidentiary hearing.

We affirm.

## ISSUES

A.W. presents three issues on appeal, which we restate as follows:

(1) Whether the trial court abused its discretion by denying his motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(6) when his admission to juvenile delinquency was motivated by a threat of criminal prosecution against his father;

(2) Whether the trial court abused its discretion by denying his motion for relief from judgment pursuant to Indiana Trial Rule 60(B)(8) when his admission to juvenile delinquency was the result of ineffective assistance of trial counsel; and

(3) Whether the trial court was required to conduct an evidentiary hearing on his Indiana Trial Rule 60(B) motions.

## FACTS AND PROCEDURAL HISTORY

On April 16, 2020, the State filed a delinquency petition in Cause 20C01-2004-JD-000157 (Cause 157), alleging that thirteen-year-old A.W. had committed child molesting as a Level 3 felony, if committed by an adult. Later, the State

filed a second delinquency petition under a separate cause number 20C01-2004-JD-000158 (Cause 158),[1] alleging that A.W. had committed child molesting as a Level 4 felony, if committed by an adult. On October 23, 2020, the trial court conducted a consolidated fact-finding hearing.

[5] At the commencement of the consolidated hearing, the State informed the trial court that the victim and the victim's mother in Cause 157 were not present in court as the State "started having communication problems" with the victim's mother, who had indicated "some concerns" about A.W.'s father. (Appellant's App. Vol. III, p. 5). The State elaborated that "in one of my meetings with me, she did indicate she was a little fearful of retaliation. She lives close to [A.W.'s father], a couple doors down. I assured her I didn't think [A.W.'s father] was gonna be causing any problems. I had no reason to believe so." (Appellant's App. Vol. III, p. 10). Being asked about the situation, A.W.'s counsel advised the trial court, "I was informed, just prior to court, by [A.W.'s father] that he has had encounters and had to call the police on [victim's mother] twice in the past month because of threats she's made toward A.W." (Appellant's App. Vol. III, p. 14).

[6] The trial court proceeded to hear testimony in the consolidated hearing. The State called the investigator, who had tried to locate the victim's mother and the victim in Cause 157, and a detective, who testified that the local sheriff's office

---

[1] The record does not include the chronological case summary for this Cause and the exact date of filing the delinquency petition cannot be determined.

had received three calls from A.W.'s father in the past month, filing complaints against the victim's mother. After the trial court agreed to issue a writ of body attachment for the victim's mother, the State mentioned that it would be "looking at a forfeiture by wrongdoing" "based upon the behavior of [A.W.'s father] that we've introduced here." (Appellant's App. Vol. III, pp. 88-89). The State then returned to presenting testimony of the victim in Cause 158.

[7] After the trial court admitted the forensic interview of the victim in Cause 158, A.W.'s counsel requested a recess, which was granted. Upon reconvening, A.W.'s counsel indicated that she had conferred with A.W. and had learned that A.W. "may want to" admit to the allegations in both delinquency petitions. (Appellant's App. Vol. III, p. 108). The trial court placed A.W. under oath and specifically inquired if it was his intention to stop the trial and admit to the allegations claimed by the State. A.W. indicated that he had received enough time to speak with his counsel and his father about the decision to admit to the allegations. The trial court then proceeded to advise A.W. of his rights and informed him that with his admission, he would be waiving his right to a trial. A.W. confirmed that he understood. A.W.'s counsel informed the trial court that the decision to admit to the formal delinquency petitions was a free and voluntary decision made by A.W.:

> Trial court: And, A.W., nobody's forcing you or threatening you to do this, is that right?
>
> A.W.: (No audible response)
>
> Trial court: You have to answer out loud.

A.W.: Nobody's doing that to me.

Trial court: It's your own free and voluntary decision to - -

A.W.: Yes.

Trial court: - - to admit to what's been charged. Right?

A.W.: Yes.

(Appellant's App. Vol. III, p. 114). Factual bases were then tendered to the trial court and the trial court entered an adjudication in both Causes.

[8] On December 1, 2020, the trial court conducted a dispositional hearing. During the hearing, the trial court encouraged A.W.'s father to ask questions if he was confused about anything. Although A.W. and A.W.'s father had an opportunity to address the trial court and participate in the conversation as to the best rehabilitative plan for A.W., neither A.W. nor A.W.'s father raised any concern about A.W. having been coerced to admit to the allegations. At the close of the hearing, A.W. was placed under probation supervision. After his admission and dispositional hearing, A.W. appeared before the trial court six additional times and at no time did he indicate that his original admissions were not voluntary or that he had been coerced into making his admissions. On March 23, 2022, after numerous failed attempts at less restrictive rehabilitation services, A.W. was made a ward of the Indiana Department of Correction (DOC).

[9] Approximately one year later, on March 21, 2023, A.W. filed a motion for relief from judgment pursuant to Indiana Trial Rules 60(B)(6) and (8),

requesting the trial court to vacate the delinquency adjudications because his admissions had been motivated by "the perceived threat of a criminal charge against his father," and later added a claim of ineffective assistance of counsel. (Appellant's App. Vol. II, p. 195). On May 10, 2023, the trial court conducted a status hearing on the motion. At the conclusion of the hearing, the trial court took the "question of timeliness [of the motion] under advisement," and offered the parties time to file a supplemental brief on "specifically the issue of timeliness of the [T.R.] 60(B) motion." (Transcript p. 13).

[10] On May 31, 2023, the trial court issued a detailed Order denying A.W.'s motion for relief from judgment under T.R. 60(B)(6) because A.W. "provide[d] no supporting information by way of affidavit or the like within the record that contradicts [AW.'s] sworn testimony that his admission was made without force, threat, or coercion." (Appellant's App. Vol. II, p. 216). The trial court likewise denied A.W.'s motion under T.R. 60(B)(8) because the motion was untimely, and no meritorious claim or defense had been identified.

[11] A.W. now appeals. Additional facts will be provided if necessary.

## DISCUSSION AND DECISION

I. *Standard of Review*

[12] Because A.W. seeks relief from judgment under Trial Rules 60(B)(6) and (8), this case implicates two standards of review. When a judgment is void under Rule 60(B)(6), the trial court has no discretion to enforce it, and thus, we review the court's decision *de novo*. *M.H. v. State*, 207 N.E.3d 412, 416 (Ind. 2023).

But under Rule 60(B)(8)'s catchall provision, whether relief is warranted "is left to the equitable discretion of the trial court," and thus, we review the court's decision for an abuse of that discretion. *T.D. v. State*, 219 N.E.3d 719, 724 (Ind. 2023). A trial court abuses its discretion if it misinterprets the law or if its decision clearly contravenes the logic and effect of the facts and circumstances before it. *See, e.g.*, *id.*; *Smith v. Franklin Twp. Cmty. Sch. Corp.*, 151 N.E.3d 271, 273 (Ind. 2020).

## II. *Indiana Trial Rule 60(B)(6)[2]*

[13] Trial Rule 60(B)(6) allows a party to move for relief at any time if "the judgment is void." T.R. 60(B)(6); *see also Anderson v. Wayne Post 64, Am. Legion Corp.*, 4 N.E.3d 1200, 1205 (Ind. Ct. App. 2014), *trans. denied*. Therefore, to be entitled to relief, the party must establish that the judgment is void, not voidable. *Koonce v. Finney*, 68 N.E.3d 1086, 1090 (Ind. Ct. App. 2017), *trans. denied*. The distinction between these two terms is "no mere semantic quibble." *Stidham v. Whelchel*, 698 N.E.2d 1152, 1154 (Ind. 1998). While a void judgment "is a complete nullity" without legal effect from its inception, a voidable judgment "is capable of confirmation or ratification," making it subject to

---

[2] The trial court denied A.W.'s motion pursuant to T.R. 60(B)(6) based on the established ground that T.R.60(B) cannot be used to present a claim that could have been, but was not presented, on direct appeal. *See Perkins v. State*, 718 N.E.2d 790, 792 (Ind. Ct. App. 1999). The trial court noted that A.W. "is requesting that the [c]ourt hear new evidence related to the voluntariness of his plea, a fact that was known to [A.W.] when a direct appeal could have been perfected. [A.W.] did not file a direct appeal during his case, either after this [c]ourt entered the first dispositional decree on December 1, 2020, or when this [c]ourt modified the child's dispositional decree for the last time on March 23, 2022." (Appellant's App. Vol. II, 216). While we agree with the trial court, based on our *de novo* review, we reach the same result but on different grounds.

ordinary appellate or other direct procedures to correct it. *Id*. (quoting 46 Am. Jur. 2d Judgments §§ 30, 31 (1994)).

[14]  In its very recent opinion in *T.D.,* our supreme court clarified the concept of a void judgment within the confines of Indiana Trial Rule 60(B). Specifically, our supreme court pronounced that

> a trial court's judgment is void if the court lacks personal jurisdiction, subject matter jurisdiction, or the authority to render the judgment. That said, we construe "authority" narrowly to distinguish void errors from voidable legal or procedural errors. There is a distinct difference between a judgment that the law does not authorize under any circumstances (a void judgment), and a judgment authorized by law but derived in violation of law (a voidable judgment). In the latter scenario, the trial court still has the requisite authority to act, and thus, the error is a procedural irregularity that can be cured.

*T.D.*, 219 N.E.3d at 726-27 (internal references omitted). In *T.D.*, our supreme court was faced with the issue whether a trial court's failure to comply with the Juvenile Waiver Statute rendered an agreed delinquency adjudication void or voidable for purposes of a motion made pursuant to Indiana Trial Rule 60(B)(6). *Id*. at 727. Despite warning that "given the special caution afforded to juvenile admissions, a trial court's failure to comply with the Juvenile Waiver Statute is particularly alarming," the court noted that this "failure does not mean the court lacks the legal authority under any set of circumstances to adjudicate a juvenile as a delinquent." *Id.* "Indeed, nothing in the juvenile code prohibits a court from entering judgment on an agreed delinquency

adjudication despite an invalid waiver of rights." *Id.* As such, the supreme court concluded that "violations of the Juvenile Waiver Statute do not render a subsequent delinquency adjudication void; they render it voidable because the error can be cured if challenged." *Id.* Applying our supreme court's holding in *T.D.* to the situation before us, we reach a similar result. A.W.'s allegations of purported deficiencies in admission proceedings and claims of involuntary admissions do not render a delinquency adjudication void, but merely voidable as the error can be cured when challenged. Accordingly, as A.W.'s adjudication cannot be held void, A.W. is foreclosed from proceeding under Indiana Trial Rule 60(B)(6).

### III. *Indiana Trial Rule 60(B)(8)*

[15] Trial Rule 60(B)(8) permits a party to obtain relief from judgment for "any reason" other than those set forth in other subsections of the rule that are not relevant here. T.R. 60(B)(8). To be entitled to relief under this rule, the movant must file their motion "within a reasonable time" and "allege a meritorious claim or defense." T.R. 60(B)(8). Additionally, our precedent requires the moving party to "demonstrate some extraordinary or exceptional circumstances justifying equitable relief." *State v. Collier*, 61 N.E.3d 265, 268 (Ind. 2016).

[16] Focusing on the reasonable time requirement of T.R. 60(B)(8), the trial court concluded that

> In this instance, an adjudication was entered on September 18, 2020. Counsel for [A.W.] did not enter her appearance until July 2022, and transcripts were requested in August 2022, almost two

(2) years after the adjudication. Almost seven (7) months after counsel received the transcripts was a Motion for Relief filed. Counsel does not provide specific reasons for the delay, only that counsel sought relevant documentation and conducted necessary investigation during those seven (7) months. It cannot be said that such a delay is timely, particularly in juvenile delinquency cases that have strict statutory timelines. Furthermore, time was and is of the essence in this instance, as counsel concedes that [A.W.] has already completed the sex offender treatment program within the [DOC], and alleges that such completion is akin to having already "served his sentence."

(Appellant's App. Vol. II, p. 217). In support of his contention that the trial court abused its equitable discretion by declaring his T.R. 60(B)(8) motion to be filed outside the reasonable time parameters, A.W. requests this court to artificially limit the relevant timeframe in which to consider the reasonableness requirement as starting after the final modification of his disposition and wardship to the DOC, rather than when the adjudication was officially admitted and entered.

[17]     However, contrary to A.W.'s request, in making its determination of the reasonable time requirement, "the court must consider the length of time that elapsed from the date of the judgment to the date of the filing of the Trial Rule 60 motion, the circumstances of the delay, the diligence exercised by the movant, and the possibility of prejudice to the opposing party." *Jordan v. State*, 549 N.E.2d 382, 384 (Ind. Ct. App. 1990), *trans. denied*. In *D.D.J. v. State*, 640 N.E.2d 768, 769-70 (Ind. Ct. App. 1994), *trans. denied*, we calculated the relevant time period under T.R. 60(B)(8) in collateral attacks on delinquency

adjudications as running from the time of the adjudication to the time of the filing of the motion.

[18] A.W.'s dispositional hearing was conducted on December 1, 2020, and he filed his T.R. 60(B)(8) motion based on ineffective assistance of counsel almost two-and-a-half years later, on March 21, 2023. The ineffective assistance of counsel claim, which is grounded in A.W.'s perceived coerced admission, was available to him since his adjudication. He appeared in court many times after his disposition for rehabilitative placement modifications and never lodged a complaint about the circumstances of his admissions. Furthermore, the State would be prejudiced if a new fact-finding hearing would be required: one witness was impaired in her memory due to her young age at the time of the first factfinding hearing, and the record is silent about the testimonial capacity of the second victim. *See Stewart v. State*, 548 N.E.2d 1171, 1176 (Ind. Ct. App. 1990) ("If reasonable likelihood of successful prosecution is materially diminished by the passage of time attributable to the defendant's neglect, such may be deemed a sufficient demonstration of prejudice."), *trans. denied*. Accordingly, based on the lapse of time, the prejudice to the State, and the trial court's equitable discretion, we affirm the trial court's conclusion that A.W.'s T.R. 60(B)(8) motion was filed untimely. *See also D.D.J*, 640 N.E.2d at 769-70

(holding that the juvenile court did not abuse its discretion by denying the juvenile's T.R. 60(B)(8) motion after a two-year delay).[3]

III. *Evidentiary Hearing*

[19] Lastly, A.W. contends that the trial court erred by not conducting an evidentiary hearing on his T.R. 60(B) motions, as an evidentiary hearing was mandatory to show that neither A.W.'s counsel nor A.W. realized at the time of his admissions that the admissions were improperly motivated or coerced.

[20] Indiana Trial Rule 60(D) dictates that the trial court "shall hear any pertinent evidence" in resolving a motion for relief from judgment. However, when there is no pertinent evidence to be heard, a hearing is unnecessary. *Thompson v. Thompson,* 811 N.E.2d 888, 904 (Ind. Ct. App. 2004) (quoting *Pub. Serv. Comm'n v. Schaller*, 299 N.E.2d 625, 628 (1973) (noting that the language of Rule 60(D) is mandatory but only for the presentation of "pertinent evidence")), *reh'g denied*, *trans. denied*. "The catalyst needed to obtain the proper relief is some admissible evidence, which may be in the form of an affidavit, testimony of witnesses, or other evidence obtained through discovery[.]" *State Farm Fire & Cas. Co. v. Radcliff,* 18 N.E.3d 1006, 1016-17 (Ind. Ct. App. 2014).

---

[3] Because we affirm the trial court's ruling based on the timeliness requirement of T.R. 60(B)(8), we do not analyze A.W.'s argument concerning the existence of a meritorious claim or defense and his demonstration of some extraordinary or exceptional circumstances justifying equitable relief.

In the preamble of its decision, the trial court advised that it had considered "all of the filings in the above cause, and ha[d] reviewed the entire transcript submitted by [A.W.] marked as 'Exhibit A.'" (Appellant's App. Vol. II, p. 214). A.W. did not file any affidavits or other admissible evidence to support his contention that he had been coerced into his admissions, nor did he specify in his filings to the court what other pertinent evidence would be needed to adjudicate his claim. *See, e.g.*, *Williams v. Tharp*, 934 N.E.2d 1203, 1214-15 (Ind. Ct. App. 2010) ("Appellants have failed to direct us to any pertinent evidence that was not before the trial court when it ruled on their motion."). Therefore, we cannot conclude that the trial court erred when it did not conduct an evidentiary hearing on A.W.'s T.R. 60(B) motions.

## CONCLUSION

Based on the foregoing, we hold that the trial court did not abuse its discretion by denying A.W.'s motions for relief from judgment pursuant to T.R. 60(B)(6) and (8) and the trial court was not required to conduct an evidentiary hearing.

Affirmed.

Crone, J. and Mathias, J. concur